**Clyde D. RICE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 99–3725.

United States Court of Appeals, Sixth Circuit.

March 23, 2001.

Before GUY, NORRIS, and SILER, Circuit Judges.

PER CURIAM.

Petitioner, Clyde D. Rice, appeals from the denial of his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability limited to the issue of "whether trial counsel rendered ineffective assistance by erroneously advising Rice that his sentence could be enhanced under 18 U.S.C. § 924(e) if he did not plead guilty." After reviewing the record and the applicable law, we conclude that the district judge should have conducted an evidentiary hearing, and we remand for that purpose.

I.

Rice was indicted for being a felon in possession of a firearm. *See* 18 U.S.C. § 924. At Rice's arraignment on August 17, 1997, an assistant public defender was appointed to represent him. On September 26, 1997, the Assistant United States Attorney prosecuting the case sent defense counsel a letter that stated in pertinent part:

Dear Ms. Johnson:

I enclose photocopies of court records in CR 86–06–0757 (Summit County) which I am advised pertain to your client, Clyde D. Rice. The documents were just recently provided to me, and

reflect convictions for two counts of aggravated trafficking in August, 1986. Query, does this make the defendant a candidate for sentencing under 18 U.S.C. § 924(e)?

Although the record is silent as to what happened next, we do know that on October 14, 1997, Rice pleaded guilty to the sole count in the indictment. The plea was pursuant to a Rule 11 plea agreement which provided that the government would "not seek an enhanced sentence against the defendant under the Armed Career Criminal Act provisions of 18 U.S.C. § 924(e)." At the plea hearing there was a colloquy between the court and the defendant directed specifically at Rice's understanding of this feature of the plea agreement and the consequences he would face if sentenced as a career criminal.

A presentence report was subsequently prepared which noted the defendant's prior conviction on two counts of aggravated trafficking in drugs as well as a conviction for aggravated robbery. Rice had a juvenile record including arrests for aggravated robbery and abduction, but the disposition of those charges was unknown. The report also noted that, on the advice of counsel, the defendant would not discuss other arrests or convictions. In accordance with the plea agreement, the Presentence Report recommended a guideline sentencing range of 51–63 months. A sentence of 58 months was imposed by the district judge.

On March 4, 1998, Rice wrote his trial counsel a letter which stated, *inter alia:* "On October 14, 1997, the day that I was in Federal court to sign the Government's plea agreement, you told me that you had done some research and I did qualify for enhancement under 924(e)." The letter then goes on to state that petitioner's own legal research had convinced him that "[t]here was no way I could have been charged with a 924(e) enhancement." The letter also asked counsel to explain how in her "professional opinion" she arrived at the conclusion that he would have been subject to the enhancement. What answer Rice received, if any, is not part of the record. On October 9, 1998, Rice filed his § 2255 motion.

As part of his § 2255 motion, Rice also retracted his previous acknowledgment of guilt and asserted that he was innocent of the charge to which he had entered a guilty plea. In support, he attached an affidavit of a girlfriend saying she had put the firearm in question in the trunk of Rice's car, presumably without his knowledge.

The district judge, without a hearing, denied the motion in a written opinion. The district court opinion addressed a number of issues raised by the defendant, but, due to the limited certificate of appealability that was granted, we are concerned with only the question of whether allegedly bad advice from his appointed counsel caused him to enter a guilty plea. If so, did this advice constitute ineffective assistance of counsel and result in an invalid guilty plea?

II.

Pursuant to the provisions of the Armed Career Criminal Act, a defendant who has three previous convictions for "a violent felony or a serious drug offense" is subject to enhanced penalties. 18 U.S.C. § 924(e)(1). There is no dispute that Rice's earlier conviction for aggravated robbery constitutes a "violent felony." As for the drug offenses, the statute defines "serious drug offense" to include

an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), *for*

*which a maximum term of imprisonment of ten years or more is prescribed by law.*

*Id.* at § 924(e)(2)(A)(ii) (emphasis added).

Rice's two drug convictions were for violation of Ohio Revised Code section 2925.03(A)(1). *At the time of Rice's sentencing,* the punishment provided for a violation of this section was a "prison term [of] one, two, three, four, or five years." OHIO REV.CODE ANN. § 2929.14(A)(3) (Anderson 1996). It appears that the district judge in sentencing Rice looked to the Ohio statute as it existed on the date of Rice's prior state convictions. It may be that defense counsel and the Assistant United States Attorney also looked at the Ohio statute in this manner. In any event, our prior precedent dictates that the sentencing judge must look to the penalties provided by the state statute at the time a defendant is sentenced on the federal offense. *United States v. Morton,* 17 F.3d 911, 915 (6th Cir.1994).

Were this all there was to this case, we would be inclined to reverse. There is more, however. Because there was no evidentiary hearing, we do not know what went on between Rice and his counsel at the time of plea negotiations. Nor do we know what other considerations may have been involved and discussed. For example, Rice, by entering this plea, received a two-point reduction for acceptance of responsibility. Also in assessing the applicability of the Armed Career Criminal statute, petitioner's juvenile record may be relevant. The government offers a number of reasons why Rice might have decided to plead guilty even if the two prior drug convictions were not implicated in the sentencing calculus. The reasons offered by the government amount to no more than speculation, however, unless they are supported by an evidentiary record. We pass no judgment on any of these conjectures at this time and hold only that the penalty provisions of the state law at the time of sentencing are controlling as to the prior drug offenses. Under these circumstances, we conclude this matter should be remanded for an evidentiary hearing.

We also feel compelled to add this note of caution: if these proceedings on remand are undone and petitioner is allowed at this time to withdraw his plea, he faces the possibility of being convicted and again facing the possible application of the Armed Career Criminal statute. The only issue before us in this appeal involves the contention that Rice received ineffective assistance of counsel at the time his plea was taken. We have not resolved this issue, nor have we made any definitive holding as to the application of the Armed Career Criminal statute. We therefore REMAND for an evidentiary hearing consistent with this opinion.