**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Phillip Daniel MORTON,
Defendant–Appellant.**

**No. 93–5828.**

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 28, 1994.

Decided March 1, 1994.

---

Darryl Stewart, Asst. U.S. Atty., Nashville, TN (briefed), for plaintiff-appellee.

Jude T. Lenahan, Federal Public Defender's Office, Nashville, TN (briefed), for defendant-appellant.

Before: KENNEDY, JONES and SUHRHEINRICH, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant Phillip Daniel Morton appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, defendant argues that (1) the District Court erred by failing to suppress the firearm evidence because it was seized in violation of the Fourth Amendment, and (2) the District Court erred by sentencing defendant to fifteen years under 18 U.S.C. § 924(e)(1) because defendant's two prior state convictions on which the District Court based its sentence were not for serious offenses. For the reasons stated below, we affirm in part and reverse in part.

I.

On June 8, 1992, Officers Melvin Cunningham, Greg King, and other officers of the Murfreesboro, Tennessee Police Department went to "Dave's" auto repair shop located at 111-D Buchanan Street in Lavergne, Tennessee. Earlier that day in Murfreesboro, the officers had been involved in a reverse drug sting in which they sold a kilo of cocaine to some buyers in exchange for money, jewelry, vehicles and nine Kenmore clothes dryers. Some arrests were made. At ap-

proximately 8:00 p.m., the officers went to the auto shop in Lavergne in order to seize the dryers, believed to be stolen, and a pick-up truck that had been used in the drug transaction. The auto shop was still open for business when the officers arrived. They did not have a warrant. The officers walked through the open door into a reception area with a desk, two chairs and possibly a small sofa. Two men were seated in the room, the defendant and Dave Miller, the manager or owner of the shop.

At a later hearing on defendant's motion to suppress the seized firearm, Officers Cunningham and King testified to the following. As the officers entered the shop, they identified themselves as police officers and said they were looking for some stolen dryers. The officers held their badges up and had their guns in hand. While Cunningham was explaining their purpose for being there, King went over to another doorway that led to a garage area. Defendant was seated on a chair inside the front room next to the doorway that led to the garage. Officer King had not spoken to the defendant except to identify himself as a police officer. When defendant stood up from his chair, King noticed the butt handle of a pistol sticking out of defendant's back pocket. King asked defendant if it was a gun to which defendant responded that it was. King reached over and pulled the .32 caliber automatic pistol from defendant's pocket. King then led defendant into the garage area and asked him what his name was and if he had ever been arrested before.[1] Defendant said he had.

Defendant also testified at the suppression hearing. He stated that when the officers entered the garage area, they identified themselves as police but did not state the purpose of their visit. Defendant said that he did not know Mr. Miller, the other man in the office, and that the only reason defendant was at the shop was because he was waiting

for his brother to pick him up and take him back to Jackson, Tennessee. Defendant admitted associating that day with a couple of the suspects that the officers had arrested in the drug sting but said he had no knowledge of their drug activities.

Defendant moved to suppress the gun on the ground that it was seized in violation of the Fourth Amendment. The District Court denied the motion. Defendant entered a conditional plea of guilty. The District Court sentenced defendant to 180 months (15 years) as mandated by section 924(e)(1) for felons in possession who have previously been convicted of at least three serious drug offenses.

## II.

Defendant first appeals the District Court's denial of his motion to suppress the seized firearm. Defendant argues that the officers violated the Fourth Amendment when they entered the auto shop because they had no suspicion that the defendant was involved in the drug case under investigation and because, by the officers' actions, defendant did not feel free to leave. The District Court denied defendant's motion to suppress without much discussion. Finding that Officer King saw the outline of a gun in defendant's pocket, the court held the taking of the gun proper on the basis of reasonable suspicion.

We affirm the District Court's denial of defendant's suppression motion. The officers' and defendant's testimony fairly establish that the auto shop was open to the public for business. Therefore, the officers lawfully entered the shop. When the defendant stood up, Officer King saw, *in plain view*, the gun in defendant's back pocket. Further, the observed gun, along with information from the officers' investigation,[2] gave the officers

---

1. It's not clear whether King gave the defendant *Miranda* warnings before asking him these questions. The defendant states in his brief that no warnings were given.

2. The officers targeted the auto shop because the drug buyers involved in the "sting" transaction had told the undercover officers to meet them there. The officers also traced calls from the

drug buyers to the auto shop. The truck outside the auto shop matched the description the officers had of a truck used in the drug transaction. In addition, the officers had recovered a gun in the arrest earlier that day. Given this information, when Officer King observed a gun in defendant's pocket, he had reasonable suspicion to "stop" defendant and retain the weapon until the situation could be inquired into. Indeed, defen-

reasonable suspicion to seize the gun and detain the defendant long enough to ascertain whether defendant possessed the gun lawfully. They determined that he did not and arrested him.[3] We conclude that Officer King's discovery and seizure of the gun did not violate the Fourth Amendment.

### III.

Defendant next challenges his fifteen-year sentence. Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced defendant under 18 U.S.C. § 924(e)(1), which provides for a mandatory minimum sentence of fifteen years for a defendant convicted under 18 U.S.C. § 922(g) who has three prior convictions for serious drug offenses. Defendant argues that two of his prior state convictions relied upon by the District Court are not for serious drug offenses and therefore he is not subject to section 924(e)(1).

18 U.S.C. § 924(e)(1) provides:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

A "serious drug offense" is defined to include:

an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102

of the Controlled Substances Act (21 U.S.C. 802)), *for which a maximum term of imprisonment of ten years or more is prescribed by law.*

18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added). Defendant has five state convictions for cocaine trafficking (sale, delivery, and possession with intent to sell) each of which carried a maximum term of imprisonment of more than ten years at the time defendant was sentenced in the state court. Relying on three of these convictions, the District Court held that defendant had three prior convictions for serious drug offenses and therefore is subject to the mandatory minimum sentence of fifteen years under 18 U.S.C. § 924(e)(1).

Since the state court sentencing, the State of Tennessee has amended its drug laws. *See* Tenn.Code Ann. § 39–17–417, as amended, effective July 1, 1992. Under the new code, a drug trafficking offense involving less than .5 grams of cocaine has been reclassified from a Class B to a Class C felony. The authorized term of imprisonment for a Class C felony is not less than three (3) years nor more than fifteen (15) years. Tenn.Code Ann. § 40–35–111.

Class C felonies are further divided for purposes of sentencing into three "Range" classifications based on the number of prior felony convictions. *See* Tenn.Code Ann. § 40–35–112. A Class C felon who has less than two prior felony convictions is a "standard offender" whose sentence is within Range I. Tenn.Code Ann. § 40–35–105. A Class C, Range I, felon is subject to a sentence of not less than three (3) years nor more than six (6) years. Tenn.Code Ann. § 40–35–111.

At least two of defendant's state convictions were for selling less than .5 grams of cocaine. The judgments also designated defendant as a Range I standard offender. If defendant were sentenced today, therefore, he could not receive more than six years for

---

dant testified at the hearing that earlier that day he had been with two of the men that the police had arrested in the sting.

**3.** It is unclear whether Officer King gave defendant *Miranda* warnings before questioning him.

We express no view, however, as to whether defendant was entitled to warnings under the circumstances because defendant did not raise the issue before this Court or the District Court.

those convictions. Defendant argues that those convictions are not for serious drug offenses under 18 U.S.C. § 924(e)(1) because, as of the time of his sentencing in the present case, those offenses no longer carried a term of imprisonment of ten or more years under state law.

At the sentencing hearing in this case, the government advanced two arguments in favor of finding defendant subject to 18 U.S.C. § 924(e)(1). First, the government contended that whether defendant's state convictions were for serious drug offenses, as defined by 18 U.S.C. § 924(e)(2)(A)(ii), should be determined with respect to state law at the time defendant was sentenced in the state court. Second, the government argued that the maximum term of imprisonment even today for the sale of less than .5 grams of cocaine is fifteen years, the maximum sentence authorized for a Class C felony without regard for the sentencing range. The District Court agreed with the second argument and sentenced defendant accordingly.

■ The question before this Court is a novel one. We must decide whether a serious drug offense under 18 U.S.C. § 924(e)(2)(A)(ii), which is defined as "an offense under State law ... for which a maximum term of imprisonment of ten years or more is prescribed by law," is determined with respect to the maximum term of imprisonment under state law at the time of the state conviction or at the time of the sentencing in federal court for a violation of section 922(g). As a question of statutory interpretation, we review the issue *de novo*.

■ We have found no case law, in our Circuit or elsewhere, that has addressed this issue. Nor does the language of the statute offer much guidance in determining the relevant time that a term of imprisonment is "prescribed by law." What is evident, however, is that section 924(e)(2)(A)(ii), by looking to state sentencing law, leaves the standard by which to judge the seriousness of a state drug conviction to the policy of the state. At the time defendant was being sentenced in this case, the State of Tennessee did not consider trafficking less than .5 grams, when the defendant has no more than one prior felony conviction, serious enough to

impose a ten-year sentence. We think, therefore, that defendant's Range I convictions for selling less than .5 grams do not constitute serious drug offenses as defined by 18 U.S.C. § 924(e)(1) & (e)(2)(A)(ii). The question is at least ambiguous and therefore, under the rule of lenity, should be resolved in defendant's favor. *See United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 523, 30 L.Ed.2d 488 (1971) ("Where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant.").

This does not mean, however, that defendant does not have three prior serious drug offense convictions. We decide only that the two state convictions for selling less than .5 grams of cocaine cannot be counted. Defendant was in fact convicted in the state court of five counts of drug trafficking: possession with intent to sell cocaine (90–132); sale of cocaine (90–473, count 1); delivery of cocaine (90–473, count 2); and two counts of selling cocaine where the amount was less than .5 grams (90–471, 90–472). The record does not reveal the amount involved in the other three convictions (90–473, counts 1 & 2, 90–132). If they involved .5 grams or more of cocaine, then defendant may still be subject to the fifteen-year mandatory minimum sentence of section 924(e)(1). We must remand the case, therefore, in order for the District Court to resentence defendant after determining the seriousness of the other three state convictions under current Tennessee law.

## IV.

For the reasons stated above, defendant's conviction under 18 U.S.C. § 922(g) is **AFFIRMED,** his sentence is **REVERSED and VACATED,** and the cause is **REMANDED** for resentencing in accordance with this opinion.