*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0112P (6th Cir.)
File Name:  00a0112p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*                                    No. 98-4515

CHARLES H. HUDSPETH,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 97-00086—Herman J. Weber, District Judge.

Submitted:  February 4, 2000

Decided and Filed:  March 30, 2000

Before:  WELLFORD, BATCHELDER, and
    DAUGHTREY, Circuit Judges.

---

### COUNSEL

**ON BRIEF:** Richard W. Smith-Monahan, OFFICE OF THE FEDERAL PUBLIC DEFENDER, SOUTHERN DISTRICT OF OHIO, Cincinnati, Ohio, for Appellant.  Terry Lehmann, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee.

1

DAUGHTREY, J., delivered the opinion of the court, in which BATCHELDER, J., joined. WELLFORD, J. (pp. 6-7), delivered a separate concurring opinion.

_____

**OPINION**

_____

MARTHA CRAIG DAUGHTREY, Circuit Judge. The defendant, Charles Howard Hudspeth, appeals his sentence of 21 months' incarceration and three years' supervised release, imposed as a result of his conviction for mailing threatening communications in violation of 18 U.S.C. § 876 (1994). Hudspeth alleges that the district court impermissibly enhanced his sentence pursuant to United States Sentencing Guideline § 3A1.2(a), which mandates an increase of three sentencing levels if the victim of federal criminal conduct was "a government officer or employee." We find no error and, for the reasons set out below, we affirm the district court's judgment.

### *PROCEDURAL AND FACTUAL BACKGROUND*

In 1997, Charles Hudspeth was indicted on two counts of mailing threatening communications to Joseph Deters, a prosecuting attorney for Hamilton County, Ohio, in part for Deters's presumed participation in Hudspeth's prosecution on state criminal charges. As part of a plea agreement with the government, Hudspeth pleaded guilty to one count of the indictment. The district court sentenced Hudspeth to 21 months' incarceration in federal prison, to be served consecutively with Hudspeth's ongoing state prison sentence and to be followed by a three-year term of supervised release. The court enhanced Hudspeth's sentence by three levels pursuant to § 3A1.2(a) of the sentencing guidelines, entitled "Official Victim," because Joseph Deters was "a government official of Hamilton County." On appeal, Hudspeth claims that the term "government officer or employee" in § 3A1.2(a) refers only to *federal* employees, not to state or local

*States v. Stanley*, 24 F.3d 1314 (11th Cir. 1994), cited by the government in its brief, all involved law enforcement officials and did not involve the guideline in question. *United States v. Muhammed*, 948 F.2d 1449 (6th Cir. 1991), involved the former version of § 3A1.2, and the defendant assaulted a law employment official in the course of attempted bank robbery of a federally insured bank in that case. It is not pertinent to the circumstances of this case, in my view.

Strangely, neither the statute under which defendant was convicted nor the indictment itself presented under 18 U.S.C. § 876 makes mention of the threat being caused, motivated, or engendered by reason of the victim's *official* status. The applicable part of the statute refers to a "threat" addressed to "any other person to injure the person" through the use of the mail. The indictment tracks the statute and makes no mention of the language contained in guideline § 3A1.2, which refers to the threat's being "motivated by such [official] status."

Under the circumstances, it is with trepidation and some uncertainty that I join the majority opinion.

_____

**CONCURRENCE**

_____

HARRY W. WELLFORD, Circuit Judge, concurring. I reluctantly concur in my colleague's opinion in this case. Were I writing on a clean slate, my view would be contrary to that of the majority. It seems to me that the guideline in question, § 3A1.2(a), goes far beyond the import of 18 U.S.C. § 1114, which deals with "protection of officers and employees of *the United States*." (Emphasis added.) Why the *federal* guidelines should have special concern about threats to local or county officials and employees and enhance *federal* penalties by reason of such factor escapes me, particularly in the absence of specific language that a "government officer or employee" includes a *non-federal* government official or employee.[1]   Should the federal sentencing guidelines bring about a particular enhancement to a federal sentence for threats to a municipal secretary or a sanitation worker or his or her immediate family? I think not as a matter of logic and federalism.

The *Stewart* case, cited in support by the majority, involved threats made to an Arkansas Department of Corrections official in a federal courthouse. One can see a federal connection in such a case with 18 U.S.C. § 1114. *United States v. Aman*, 31 F.3d 550, 536 (7th Cir. 1994), does describe the 1992 amendment to the guideline in question as "greatly" expanding those who could be an "official victim" and cause a federal sentence enhancement. It does not appear, however, that the defendant in *Aman* made the direct challenge made by Hudspeth in this case.

*United States v. Garcia*, 34 F.3d 6 (1st Cir. 1994); *United States v. Alexander*, 48 F.3d 1477 (9th Cir. 1995), and *United*

_____

[1]Before the amendment, I could see more reason for enhancement when the threatened party was a "law enforcement or corrections officer" of a state agency.

employees, and thus that his conduct in mailing threatening correspondence to Deters was not covered by this provision.

*DISCUSSION*

Section 3A1.2(a) states "If . . . the victim was a government officer or employee; a former government officer or employee; or a member of the immediate family of any of the above, and the offense of conviction was motivated by such status . . . increase by 3 levels." The question of whether § 3A1.2(a), one of a number of guidelines provisions requiring victim-related adjustments to federal sentences, applies to cases where the victim is a state or local employee is apparently one of first impression in this circuit, although other federal appeals courts have held that the provision does cover such cases. *See United States v. Stewart*, 20 F.3d 911, 918 (8th Cir. 1994); *cf. United States v. Aman*, 31 F.3d 550, 556 (7th Cir. 1994). Based on our de novo review of the district court's sentencing order, *see United States v. Talley*, 164 F.3d 989, 1003 (6th Cir.), *cert. denied*, 119 S. Ct. 1793 (1999), we see little ambiguity in applying the plain language of the provision to these facts: Joseph Deters was a county government employee, and Hudspeth's admitted criminal conduct was motivated by Deters's status as "a government officer or employee." Moreover, we agree with the Eighth Circuit that, as a matter of policy, there is "absolutely no basis for limiting the guideline," and whatever deterrent effect may be presumed from its promulgation, in this manner. *See Stewart*, 20 F.3d at 918.

Hudspeth argues that, under the rule of lenity, we should construe this purportedly ambiguous guidelines provision in his favor. Although we do apply the rule of lenity to matters relating to the sentencing guidelines, *see United States v. Sanders*, 162 F.3d 396, 402 (6th Cir. 1998), and, indeed, have not hesitated in the past to apply the rule to decisions regarding criminal sanctions, *see United States v. Morton*, 17 F.3d 911, 915 (6th Cir. 1994), the rule of lenity is generally inapplicable unless, "after a court has 'seize[d] [on] every thing from which aid can be derived,' it is still left with an

ambigu[ity]." *Chapman v. United States*, 500 U.S. 453, 463 (1991) (quoting *United States v. Bass*, 404 U.S.336, 347 (1971)).

We believe both that the meaning of § 3A1.2(a) is clear and that the history of the provision affirms our conclusion that conduct motivated by the work of state and local employees, or by their status as employees, is covered by this guideline. Section 3A1.2(a) was last amended in 1992; pre-amendment, it stated:

> If . . . the victim was a law enforcement or corrections officer; a former law enforcement or corrections officer; an officer or employee included in 18 U.S.C. § 1114; a former officer or employee included in 18 U.S.C. § 1114; or a member of the immediate family of any of the above, and the offense of conviction was motivated by such status . . . increase by 3 levels.

United States Sentencing Guidelines Manual § 3A1.2(a) (1991). The version of § 1114 in effect before 1992 made killing any one of a number of designated federal officers a federal crime. *See* 18 U.S.C. § 1114 (1994). It included among those officers specially protected federal judges, United States Attorneys and Assistant Attorneys, United States marshals, FBI agents, other Department of Justice employees, Postal Service agents, and other employees of various federal agencies. *See id.* Hudspeth argues that § 1114 criminalized only the killing of these officers "on account of the performance of [their] official duties," and not because of their "official position," and thus that § 3A1.2(a) was amended to expand protection only to federal employees from retaliatory conduct similarly based on status, not to expand protection to state and local employees. We disagree with Hudspeth's parsing of the language of the version of § 1114 in effect in 1992, which has since been amended to more broadly prohibit killing "any officer or employee of the United States." We also disagree with his argument that, in this context, "performance of official duties" may be meaningfully distinguished from "official position." Nothing

else in the structure of the guidelines or the history of their amendments supports Hudspeth's position, and his "mere assertion of an alternative interpretation of a sentencing guideline is not enough to bring the rule [of lenity] into play." *United States v. Tagore*, 158 F.3d 1124, 1128 n.3 (10th Cir. 1998).

Although we recognize that, according to the pre-sentence report recommending enhancement, the target of the threatening communications in this case apparently suffered little or no injury from the receipt of the threats, we conclude that application of § 3A1.2(a) depends on the victim's status, not on whether he or she suffered harm. We hold that federal criminal sentences may be enhanced pursuant to § 3A1.2(a) if the underlying conduct was motivated by the victim's status as a state or local government employee, and we therefore AFFIRM the judgment of the district court.