**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 00-20625
_____


UNITED STATES OF AMERICA

Plaintiff-Appellant,

VERSUS

ADRIAN TODD ALLEN

Defendant-Appellee.


Appeal from the United States District Court
for the Southern District of Texas, Houston Division


February 8, 2002

Before GARWOOD, JOLLY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

The government appeals the district court's order declining to enhance the defendant-appellee's sentence under 18 U.S.C. § 924(e)(1) as a career offender on the ground that the conduct underlying his earlier conviction for delivery of a controlled substance would not qualify as a "serious drug offense" under 18 U.S.C. § 924 (e)(2)(A)(ii). We disagree and vacate and and remand for resentencing.

1

A jury convicted Adrian Todd Allen under 18 U.S.C. § 922(g) and 924(a)(2) for being a felon in possession of a firearm and under 18 U.S.C. § 924(c)(1) for possession of a firearm during a drug-trafficking crime. Prior to sentencing, the government announced its intention to seek an enhanced sentence pursuant to §924(e) based on Allen's §922(g) conviction and his criminal record. The government alleged that Allen was subject to a minimum 15-year sentence because he had two prior convictions for violent felonies (assaults on peace officers) and one prior conviction for a serious drug offense (delivery of cocaine).

The presentence report ("PSR") provided that Allen was subject to the § 924(e) enhancement and recommended a ten-level increase under U.S.S.G. § 4B1.4(b)(3)(a), the Armed Career Criminal provision, based on the above Texas convictions. Allen agrees that the two assault convictions qualify as violent felonies. The government challenges the district court's conclusion that the prior drug conviction is not a serious drug offense.

In 1989, Allen was indicted for and pled guilty to a charge of delivery of less that 28 grams of cocaine and received a 5-year sentence. The police report, which was identified by the case number on the indictment, attached to the indictment and presented to the district court, specified that Allen had actually delivered 1/4 gram of crack cocaine. The police found an additional gram of cocaine near Allen during his arrest.

At the time of Allen's 1989 arrest and guilty plea, Texas law divided the offense of conviction into two categories - those involving less than 28 grams and those involving 28 grams or more. Allen's conviction was under the lesser category which nonetheless was a felony of the first degree and carried a potential sentence of five to ninety-nine years in prison. Since that time, the statute has

been revised to further differentiate the offense based on varying quantities of controlled substances as follows:

§ 481.112. Offense: **Manufacture or Delivery of Substance** in Penalty Group 1

(a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1.

(b) An offense under Subsection (a) is a state jail felony if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, <u>less than one gram</u>.

(c) An offense under Subsection (a) is a felony of the second degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, <u>one gram or more but less than four grams</u>.

(d) An offense under Subsection (a) is a felony of the first degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, <u>four grams or more but less than 200 grams</u>.

(e) An offense under Subsection (a) is punishable by imprisonment in the institutional division of the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceed $ 100,000, if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, 200 grams or more but less than 400 grams.

(f) An offense under Subsection (a) is punishable by imprisonment in the institutional division of the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 15 years, and a fine not to exceed $ 250,000, if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, 400 grams or more.

Tex. Health & Safety Code Ann. §§ 481.112 (Vernon 2001) (emphasis added).

Allen objected to the use of his cocaine conviction as a basis for the enhancement, arguing that based on current state law, his conviction for delivery of less than one gram of cocaine was a state jail felony carrying a maximum 2-year sentence and thus did not qualify as a "serious drug offense." The district court sustained Allen's objection to the enhancement, following <u>United States</u>

v. Morton, 17 F.3d 911, 915 (6th Cir. 1994). Morton applied the "rule of lenity" and held that the determination of whether a state conviction constitutes a serious drug offense must be made with respect to the maximum term of imprisonment under state law at the time of sentencing in federal court rather than at the time of state conviction if it would result in a lesser sentence. The district court also found that although Allen was indicted for and pled guilty to the transfer of less than 28 grams of cocaine, the "undisputed facts based upon the police report" attached to the state court indictment showed that Allen's conviction was for delivery of a 1/4 gram of cocaine, which under current Texas law would be a state jail felony. The district court admitted as record exhibits the state judgment, the criminal complaint and the police report on Allen's cocaine conviction.

The government objected to the district court's refusal to order the enhancement and appeals.

## II.

The government argues that the district court erred by not applying 18 U.S.C. § 924(e)(1) to enhance Allen's sentence as an armed career offender. The career offender provision, § 924(e)(1), applies to a defendant who has been convicted of the felon-in-possession-of-a-firearm statute (§922(g)) and has three previous convictions for a violent felony or a serious drug offense or both. Section 924(e)(2)(A)(ii) defines a "serious drug offense" as

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

If the enhancement applies, the law requires imposition of a minimum 15-year sentence. Allen concedes that his two convictions for assault on a peace officer qualify as violent felonies.

4

Allen contends that his 1989 drug conviction is not a serious drug offense because under current Texas law delivery of 1/4 gram of crack would qualify as a state jail felony, punishable by confinement in a state jail for a term not more than two years or less than 180 days. Tex. Health & Safety Code, § 481.112(b) and Texas Penal Code, § 12.35(a). Allen's position raises two separate questions: first, whether the characterization of a prior conviction should be made by reference to state law at the time of the earlier conviction or at the time of federal sentencing, and second, whether the district court may look beyond the facts included in the indictment and judgment of conviction related to a prior conviction to the underlying facts to determine whether the offense qualifies as a "serious drug offense." Because of our disposition of the second issue, we need not decide the first question.

Allen was convicted of the offense of delivery of less than 28 grams of cocaine. At sentencing, the district court had before him the following information related to the 1989 drug conviction: the judgment on the plea, the criminal complaint or indictment and the police report related to Allen's arrest on the charge. The indictment and the judgment tracked the language of the Texas statute and charged Allen with delivery of a controlled substance weighing less than 28 grams, a first degree felony. However, the police report, which was also available in this case, reveals that the actual quantity that Allen delivered was 1/4 gram. The police report notes that an additional gram of crack was found in Allen's vicinity at the time of his arrest. Under current Texas law, a conviction for delivery of 1/4 gram of crack cocaine would not qualify as a serious drug offense because the maximum prescribed punishment is not ten years or more. Tex. Health & Safety Code Ann. §§ 481.112 and Texas Penal Code, § 12.35 (Vernon 2001). However, a conviction for 1 and 1/4 grams of crack would. Id.

5

The government argues against looking beyond the conviction to the underlying facts, relying on Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143 (1990). In Taylor, the Supreme Court addressed whether Taylor's offense was a "burglary" subject to 18 U.S.C. § 924(e) sentence enhancement. In doing so, the court was also required to address "whether a sentencing court in applying § 924(e) must look only to the statutory definitions of the prior offenses, or whether the court may consider other evidence concerning the defendant's prior crimes." Id. 495 U.S. at 600, 110 S.Ct. at 2159. The Court was persuaded by uniform decisions by the Courts of Appeals which held that "§ 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Id. citing United States v. Chatman, 869 F.2d 525, 529 (9th Cir. 1989); United States v. Headspeth, 852 F.2d 753 (4th Cir. 1988); United States v. Vidaure, 861 F.2d 1337, 1340 (5th Cir. 1988), cert denied, 489 U.S. 1088 (1989); United States v. Sherbondy, 865 U.S. 996, 1006-1010 (9th Cir. 1988).

This conclusion, however, does not preclude looking beyond the fact of conviction in all situations. The court went on to note that this categorical approach would permit a court to go beyond the mere fact of conviction in a "narrow range of cases" where the jury was required to find all the elements of a generic burglary. Taylor, 495 U.S. at 602, 110 S.Ct. at 2160. The opinion gives as an example a situation in which a state has a burglary statute that includes entry into an automobile as well as a building. Entry into an automobile would not qualify as a burglary as defined by the Court for purposes of § 924(e). However, even in that circumstance, the court would look only to the indictment or information and jury instructions to show that the defendant was charged only with a burglary of a building, and the jury necessarily had to find an entry of a building to convict in order support use of the burglary conviction for enhancement purposes. Id.

6

In this case, the indictment does not contain the actual quantity of drugs involved in the offense. That information is contained only in the police report. As the police report was included with the documentation presented to the district court as evidence of Allen's prior drug offense, we are sympathetic to the district court's instinct to use that information to determine if Allen's prior offense qualifies as a "serious drug offense" under Texas's revised offense categories. However, the district court's inquiry went beyond the bounds set forth in Taylor. We read Taylor as allowing the sentencing court to consider only the statutory definition of the offense, the charging paper and jury instructions. Any different rule raises the possibility of mini-trials to determine the facts underlying a prior offense. Such an "elaborate factfinding process regarding the defendant's prior offenses," is specifically barred by Taylor. 495 U.S. at 601, 110 S.Ct. at 2159.

With that limited inquiry, it is impossible to reclassify Allen's 1989 conviction for delivery of less than 28 grams of cocaine under the current Texas statutory scheme. A delivery of less than 28 grams of a controlled substance could fall under 3 separate provisions of the current version of § 481.112, only two of which carry maximum terms of ten years or more, making them serious drug offenses. Since the permitted inquiry does not provide us the information with which to classify Allen's 1989 drug offense under the current Texas statutory classifications, we need not decide whether to follow the Sixth Circuit's decision applying the rule of lenity in Morton. Further, this circumstance leaves us with no option but to retain the classification of Allen's drug offense under the statute in effect at the time of his conviction which clearly qualifies as a serious drug offense.

III.

Accordingly, we hold that the district court erred in refusing to enhance Allen's sentence as an armed career offender. Allen's 1989 conviction for delivery of a controlled substance was a

7

serious drug offense as defined in 18 U.S.C. § 924(e).

       For the foregoing reasons, we VACATE the district court's sentence and REMAND this case to the district court for re-sentencing.