United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 14, 2004**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 02-20331

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

PEDRO CALDERON-PENA,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

ON PETITION FOR REHEARING
(Opinion July 17, 2003, 339 F.3d 320)

Before SMITH and BARKSDALE, Circuit
Judges, and DUPLANTIER,[*] District Judge.

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

PER CURIAM:

In his petition for rehearing en banc, defendant Pedro Calderon-Pena suggests that this court's en banc rehearing in *United States v. Vargas-Duran*, 319 F.3d 194 (5th Cir.), *vacated for rehearing en banc*, 336 F.3d 418 (5th Cir. 2003), might compel a different result in this case. Specifically, Calderon-Pena posited, before *Vargas-Duran* was heard en banc, that that case "may resolve the central question at issue here, namely, whether an element of causing (or, in this case, risking) bodily injury

is tantamount to an element of using or attempting to use force."

The en banc court has now decided *Vargas-Duran*, and it plainly has no affect on the result we have reached in this case. *See United States v. Vargas-Duran*, No. 02-20116, 2004 U.S. App. LEXIS 180 (5th Cir. Jan. 8, 2004). Though *Vargas-Duran* requires a showing of intent with respect to the "use" or attempted "use" of force in an underlying offense,[1] Calderon-Pena's offenses, as charged, remain "crimes of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii), application note 1(B)-(ii)(I) (2001).

As described in our opinion, 339 F.3d at 329, the indictment states, in part, that Calderon-Pena "intentionally . . . engaged in conduct that placed [his two children] in imminent danger of bodily injury . . . by striking a motor vehicle occupied by [the children] with [Calderon-Pena's] motor vehicle." We concluded, *id.* at 330, that "Calderon-Pena's child endangerment convictions . . . have as an element *at least* the attempted use of physical force, if not the use of physical force itself."[2] Even if *Vargas-Duran* is now read to preclude the conclusion that Calderon-Pena was convicted of the "use" of physical force, it is certain that his conviction is based on its "attempted use."

In considering Calderon-Pena's prior conviction, we addressed the Texas child endangerment statute as "pared down" by information in his indictment. *Id.* at 328-29; *see United States v. Taylor*, 495 U.S. 575, 599-601 (1990). In *United States v. Allen*, 282 F.3d 339, 343 (5th Cir. 2002), we read *Taylor* ". . . as allowing the sentencing court to consider only the statutory definition of the offense, *the charging paper* and jury instructions" (emphasis added). Accordingly, under *Allen* and *Taylor*, we look to the indictment for the limited purpose of determining which of a series of disjunctive elements a conviction satisfies.[3]

At the time of Calderon-Pena's prior conviction, the Texas child endangerment statute provided that a "person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than 15 years in imminent danger of death, bodily injury, or mental impairment." TEX. PENAL CODE § 22.04 (1999). Because the

---

[1] "Both an attempt and a threat require intent." *Vargas-Duran*, 2004 U.S. App. LEXIS 180, at *13 (citing BLACK'S LAW DICTIONARY 123, 1489 (7th ed. 1999)).

[2] *Vargas-Duran*, *id.* at *19, confirms that "§ 2L1.2 allows enhancement when the statute has 'as an element the use, attempted use, or threatened use of force'" (citing § 2L1.2, application note 1(B)(ii)(I)).

[3] *See Calderon-Pena*, 339 F.3d at 329; *see also United States v. Landeros-Gonzales*, 262 F.3d 424, 426 (5th Cir. 2001) (holding that the various subsections of a comprehensive statute should be treated as separate offenses, and the indictment should be examined to determine the applicable subsection); *United States v. Valladares*, 304 F.3d 1300, 1303 (8th Cir. 2002) ("[W]hen the statutory definition of a predicate offense encompasses conduct that may or may not be included in the applicable guideline, the sentencing court may look to the underlying charging papers and jury instructions to determine the elements of the crime of which the defendant was convicted."); *United States v. Smith*, 171 F.3d 617, 619-21 (8th Cir. 1999); *United States v. Damon*, 127 F.3d 139, 142-43 (1st Cir. 1997). The en banc opinion in *Vargas-Duran* does nothing to undermine this approach.

disjunctive elements describing the mental state of the crime do not all require intentionality with respect to the creation of an imminent danger of bodily injury, and therefore with respect to the "use" or "attempted use" of force, the statute ordinarily would not qualify as a "crime of violence" under *Vargas-Duran*.

Calderon-Pena's indictment, however, shows that he was convicted of "intentionally" engaging in the prescribed behavior. Accordingly, we have noted that "[w]e see that Calderon-Pena was convicted of two counts of 'intentionally . . . by act . . . engag[ing] in conduct that place[d] a child younger than 15 years in imminent danger of . . . bodily injury[.]" *Calderon-Pena*, 339 F.3d at 329.

In other words, Calderon-Pena was convicted of a crime with an intentional mental state with respect to the creation of an imminent danger of bodily injury. Where there is a bodily injury, there is some sort of accompanying use of forceSSwhether obviously, through use of an automobile as a weapon (as in this case), or through more subtle means, such as, for example, poison, or even subjecting a victim to disease. Because Calderon-Pena was aware of an imminent danger and undertook to create it, he attempted to make "use" of the force that would cause the injury.[4]

Consequently, he was convicted of a "crime of violence" for purposes of the sentencing enhancement under § 2L1.2.

In undertaking a detailed analysis of the intricate legal issues involved in this and similar sentencing guidelines appeals, we should be mindful not to lose sight of the forest for the trees. Calderon-Pena's prior offense was, by anyone's common-sense definition, a "crime of violence." As described in the indictment, and in the panel opinion, 339 F.3d at 329, Calderon-Pena intentionally used his motor vehicle to strike a vehicle occupied by his young children, thereby placing them in imminent danger. We are confident that Congress, if presented with these specific facts, would agree that this crime fits the intended definition of "crime of violence." Fortunately, that conclusion is consistent with the decision we have made after parsing the applicable statutes, guidelines, and caselaw.

Treating the petition for rehearing en banc as a petition for panel rehearing,[5] the petition for panel rehearing is DENIED.

---

[4] Because the child endangerment statute requires only the creation of an "imminent danger" of injury, it is arguable that the narrowed statute applied to Calderon-Pena should not be said to satisfy the "use" prong of the "crime of violence" definition. Because no actual force must act upon the victim, and a person may be put in "imminent danger" without suffering harm, a defendant might be convicted under circumstances in which no actual force caused injury to the body of the victim. Accordingly, it could be argued that no force was (continued...)

[4] (...continued)
"use[d]." *See supra*; *see also Calderon-Pena*, 339 F.3d at 330. We need not decide that question, because we conclude that Calderon-Pena was convicted of the attempted use of force.

[5] *See* Internal Operating Procedure accompanying 5TH CIR. R. 35 ("A petition for rehearing en banc is treated as a petition for rehearing by the panel if no petition is filed.")

3