NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0734n.06
Filed: October 11, 2007

No. 06-6313

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BARRY LAMONT PRICE, | ) | |
| | ) | ON APPEAL FROM THE |
| *Petitioner-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | OPINION |
| *Respondent-Appellee*. | ) | |

BEFORE:    COLE and COOK, Circuit Judges; and FROST, District Judge.[*]

**GREGORY L. FROST, District Judge.**  Petitioner-Appellant, Barry Lamont Price,

appeals from the denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and a

related motion to alter or amend that judgment.    Price argues that he is entitled to habeas relief

because his trial counsel was ineffective in failing to attack an underlying federal sentence he

received that included an armed career criminal enhancement.  For the reasons that follow, the

Court **AFFIRMS**.

**I.  BACKGROUND**

---

[*] The Honorable Gregory L. Frost, United States District Judge for the Southern District of
Ohio, sitting by designation.

Following a jury trial, Price was convicted in late 2001 of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Citing three prior drug convictions in state court, the district court classified Price as an armed career criminal pursuant to 18 U.S.C. § 924(e) and sentenced him to 264 months of imprisonment. Price timely appealed, and this Court affirmed his conviction in *United States v. Price*, 329 F.3d 903 (6th Cir. 2003).

In April 2004, Price filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied that motion in August 2006. Price then filed a motion for reconsideration that the trial court construed as a motion to alter or amend the judgment of denial. The district court also denied the motion to alter or amend judgment in September 2006.

Price successfully moved to proceed in forma pauperis and obtained a certificate of appealability, which led to the filing of this appeal. He now argues that his three prior convictions for the sale of cocaine were insufficient to support application of the armed career criminal enhancement and that his counsel was ineffective for not raising this issue both at sentencing and in his direct appeal.

## II. ANALYSIS

### A. Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." In order to prevail on his § 2255 motion, the prisoner must assert as a basis for relief: " '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the

2

entire proceeding invalid.' " *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

This Court conducts a *de novo* review of a district court's denial of a prisoner's § 2255 motion and examines the district court's findings of fact for clear error. *Id.* Claims of ineffective assistance of counsel are mixed questions of law and fact, however, and receive *de novo* review on appeal. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 698 (1984)).

**B. Discussion**

Title 18 U.S.C. § 924(e)(1) provides:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

*See also* U.S.S.G. § 4B1.4(a). Section 924 also provides that the term "serious drug offense" means "an offense under State law involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Price argues that the district court erred in applying this sentencing enhancement to him because his three state court convictions for the sale of cocaine involved only .3 grams of cocaine each, which under Tennessee law at the time of his federal conviction carried maximum penalties of six years each. Thus, Price reasons, because the state court convictions failed to qualify as serious drug offenses, his trial counsel was ineffective under the Sixth Amendment for failing to raise this issue in regard to the presentence report and at sentencing. The end result was that the

district court found a total offense level of 33 with a criminal history category of VI under the Sentencing Guidelines, resulting in a guidelines range of 235 to 293 months, rather than an offense level of 24 with a criminal history category of VI, for a range of 100 to 125 months.

The government argues that Price cannot assert his ineffective assistance and sentencing arguments on collateral attack because he waived his assertion of incorrect sentencing by withdrawing it from his direct appeal. Price in turn denies such waiver and contends that the government cannot rely on waiver on appeal because it did not do so in the district court. This Court need not resolve the waiver issue, however, because even assuming, without deciding, that Price can advance this basis for habeas relief, his argument for such relief fails on the merits.

The district court reasoned below that the government had to show that Price's three drug offenses were serious drug offenses at the time of his state court sentencing. This Court has previously explained that the government was required to prove that the offenses were serious drug offenses based on the sentencing laws of Tennessee at the time of Price's federal sentencing. *James v. United States*, 217 F. App'x 431, 440 n.3 (6th Cir. 2007) (citing *United States v. Morton*, 17 F.3d 911, 915 (6th Cir. 1994)). If, however, the permissible record before the sentencing court made it impossible to conclude how Price would have been sentenced for his state court convictions at the time of his federal sentencing–a condition the district court found to be true here–then the government indeed was required to show only that the offenses were serious drug offenses based on the sentencing laws of Tennessee at the time of Price's state sentencing. *Mallett*, 334 F.3d at 503.

The district court's correct conclusion arose from its reasoning that it was bound by the "categorical approach." Under this approach, a court looks " 'only to the statutory definitions of

the prior offenses, and not to the particular facts underlying those convictions' to determine whether a sentence should be enhanced." *United States v. Flores*, 477 F.3d 431, 434 (6th Cir. 2007) (quoting *Taylor v. United States,* 495 U.S. 575, 600 (1990)). This approach teaches in fact that " 'it is not only impermissible, but pointless, for the court to look through to the defendant's actual criminal conduct.' " *United States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006) (quoting *United States v. Butler*, 207 F.3d 839, 843 (6th Cir. 2000)).

In making such a "categorical approach" inquiry, the United States Supreme Court has explained what types of materials a court can traditionally consider:

> In *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), we held that a court sentencing under the [Armed Career Criminal Act] could look to statutory elements, charging documents, and jury instructions to determine whether an earlier conviction after trial was for generic burglary. The question here is whether a sentencing court can look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary. We hold that it may not, and that a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.

*Shepard v. United States*, 544 U.S. 13, 16 (2005). By analogy, a district court conducting an inquiry into whether a prior drug conviction constitutes a serious drug offense is arguably similarly limited to the same type of material. *See United States v. Brandon*, 247 F.3d 186, 188-89 n.1 (2001) (applying *Taylor*'s categorical approach to serious drug offense inquiries). *But see United States v. Moore*, 286 F.3d 47, 49-50 (2002) (holding that a "serious drug offense" analysis is more limited than other Armed Career Criminal Act inquiries and involves looking only at the statutory definition of a crime).

5

Assuming arguendo that a court can look beyond the state criminal statute involved in Price's Tennessee convictions, the laboratory reports Price offered in the court below fail to fall within the categories recognized as viable in *Taylor* and *Shepard*. The reports lack any stamp or seal of any state court, and the record does not indicate that they were otherwise incorporated in the charging papers underlying the state court convictions. *See United States v. White*, No. 06-4563, 2007 WL 1988480, at *1 (4th Cir. July 6, 2007) (rejecting, under the categorical approach, a statement of probable cause as supporting armed career criminal enhancement because it lacked such indicia of incorporation into state conviction proceedings).

A notably similar set of facts exists in *United States v. Allen*, 282 F.3d 339 (5th Cir. 2002). There, a defendant attacked a district court's classification of his state conviction as a serious drug offense by pointing to information contained within a police report involved in that case. The report was the only material that set forth the quantity of drugs involved in the state conviction, and the amount of drugs involved in that case affected the maximum term of imprisonment possible. *Id.* at 342-43. Citing the narrow scope of the categorical approach, the Fifth Circuit held that consideration of the report went beyond the bounds set forth in *Taylor*. The *Allen* court explained:

> We read *Taylor* as allowing the sentencing court to consider only the statutory definition of the offense, the charging paper and jury instructions. Any different rule raises the possibility of mini-trials to determine the facts underlying a prior offense. Such an "elaborate factfinding process regarding the defendant's prior offenses," is specifically barred by *Taylor*.

*Id.* at 343. Because the mandated narrow inquiry precluded consideration of the amount of drugs involved in the prior conviction, the Fifth Circuit concluded that it could not classify the

6

defendant's drug offense, which meant that it had to retain the classification of the state offense as a serious drug offense. *Id.*

This Court cited *Allen* with approval in *Mallett*, 334 F.3d at 503. *Mallett* presented a scenario in which a change in the law of the State of Ohio–from unit dose measures of drug quantities to gram measures–eliminated the offense of which a defendant was convicted. Because the state did not provide a system for converting the different measurements, there was no means of assessing the relevant punishment at the time of federal sentencing without conducting a factual inquiry into the specific quantity of drugs involved in the state conviction. *Id.* at 502-03. A majority of the *Mallett* panel reasoned that "a determination [of the maximum term of imprisonment] is no longer possible at the time of sentencing in federal court, however, unless the state-court indictment or jury instructions contain the information that would enable the district court to determine the punishment that would apply to the defendant's conviction under the . . . state laws." *Id.* at 503. The indictment did not contain the amount, and the *Mallett* majority held that "the district court should not engage in an examination of the conduct involved in a prior conviction beyond looking at the indictment or jury instructions." *Id.* The majority cited *Allen* as employing similar reasoning to support the conclusion that there was thus no way to determine from the record the state sentence applicable to the defendant at the time of his federal sentencing. *Id.* at 503. The *Mallett* majority therefore concluded that under such circumstances, prior convictions are properly evaluated by looking to the sentences available at the time of the state court convictions. *Id.*

Price argues that *Mallett* applies only to Ohio cases and that the categorical approach does not apply to Tennessee convictions pursuant to *Morton*. This argument overlooks that the

7

amount of drugs was not at issue in *Morton*, as it was in *Mallett*, and that neither opinion contains any sort of state-specific qualification. Rather, the categorical approach was relevant in *Mallett* but irrelevant in *Morton*. Both cases present across-the-board rules that may or may not apply depending on the circumstances of each case. Moreover, they do not present inconsistent rules as Price contends the district court found. His argument that the district court held that *Morton* "[does] not require the district court to confine its inquiry into other prior convictions to a 'categorical approach,' when deciding whether they were 'serious drug offenses' " misses the point. (Aplt. Reply Br. at 2.) The district court held no such thing, but simply summarized both *Morton* and Price's flawed interpretation of that case before concluding that the categorical approach remained applicable. (J.A. at 62 n.4.)

The district court correctly concluded, then, that the categorical approach applies here and that it forecloses Price's reliance on the laboratory reports. Without these reports, the district court was left with no record evidence to support Price's allegations that his prior drug offenses did not qualify as serious drug offenses.

To establish ineffective assistance of counsel, Price must show that: (1) his trial counsel's performance was deficient, and (2) the deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. The fact that Price's prior counsel failed to attack the armed career criminal enhancement by introducing laboratory reports that the sentencing judge could not consider under the categorical approach is not error. Because Price has failed to produce evidence of a demonstrable error, he cannot show that his prior counsel was deficient. Accordingly, the district court did not err in denying Price's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and the related motion to alter or amend that judgment.

8

### III. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS**.