NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0527n.06

No. 09-6344

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|  | ) | **FILED** |
| Plaintiff-Appellee, | ) | ***May 22, 2012*** |
|  | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
|  | ) | |
| ANTHONY ELLIS, | ) | |
|  | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY, COLE, and ROGERS, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge. In this sentencing appeal, defendant Anthony Ellis challenges the increased penalty imposed by the district court under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(A)(ii) (ACCA), on the ground that his two state cocaine convictions do not qualify as "serious drug offenses" under the statute. But, because these convictions each carried a maximum prison term of ten years under the sentencing statutes of Tennessee at the time of Ellis's sentencing in state court, the district court held that they constitute "serious drug offenses" under the ACCA. We agree, and we therefore affirm the district court's sentencing order.

### FACTUAL AND PROCEDURAL BACKGROUND

The offense of conviction arose from a traffic stop by two Memphis police officers who pulled Ellis over for speeding and arrested him after discovering that he was driving

on a suspended license. They then searched his vehicle and found a loaded Colt .38 caliber revolver. Ellis was indicted as a felon in possession of a firearm under 18 U.S.C. § 922(g). He agreed to plead guilty to the charge in exchange for the government's recommendation that he would receive full credit for acceptance of responsibility under U.S.S.G. § 3E1.1 and would be sentenced at the low end of the applicable sentencing range. Ellis also agreed to "waive[ ] his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence [wa]s within the total statutory maximum sentence for the counts of conviction."

At the plea hearing, the district court reviewed the elements of the offense and the potential statutory penalties with Ellis, explaining that:

> Section 922(g) . . . carries a penalty of not more than ten years imprisonment . . . . If, however, you've had three prior convictions for violent felonies or serious drug offenses, then the penalty goes to a minimum 15 years imprisonment up to and including the possibility of life imprisonment without the possibility of parole.

Ellis acknowledged that he understood these possible penalties, the terms of the plea agreement, and the consequences of pleading guilty. The district court then approved the terms of the agreement, and Ellis entered a guilty plea.

The ensuing presentence report noted that Ellis had an extensive criminal history, including (1) a 1989 state felony conviction for possessing cocaine with the intent to manufacture, deliver, or sell; (2) a 1989 state felony conviction for selling cocaine; and (3)

a 1990 state felony conviction for aggravated robbery. Because the ACCA requires imposition of a minimum sentence of 15 years when a defendant is convicted of violating 18 U.S.C. § 922(g) and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," 18 U.S.C. § 924(e)(1), the presentencing report classified Ellis as an armed career criminal subject to the 15-year mandatory-minimum sentence. At his sentencing hearing, Ellis objected to application of the ACCA. Although he conceded that his state conviction for aggravated robbery constituted a "violent felony," he argued that his two cocaine convictions did not qualify as "serious drug offenses" under the ACCA, which defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Ellis conceded that his 1989 convictions carried a penalty of "ten years or more" at the time of his sentencing in state court but argued that the law of this circuit looks to the date of federal sentencing to determine whether a state conviction qualifies as a "serious drug offense" under the ACCA.

In response, the government pointed out that all cocaine convictions in Tennessee prior to 1992 carried a maximum penalty of ten years or more, without regard to the amount of cocaine attributable to the defendant, in contrast to subsequent state statutes that calculated punishment on the basis of quantity. The government acknowledged that at the time of Ellis's federal sentencing, Tennessee treated felonious possession of less

than .5 grams less seriously than possession of more than .5 grams, but contended that because the 1989 judgments failed to specify an amount, they nevertheless qualified as "serious drug offenses" under the ACCA.

The district court agreed, followed the recommendation in the presentence report, and sentenced Ellis to 15 years' imprisonment as an armed career criminal. Noting the defendant's objection to the increased penalty, the district court then stated that "[e]ven though there was a waiver . . . of the defendant's appeal, . . . I believe that this is a legal issue which should be appealable if it's the defendant's desire." Ellis filed a timely notice of appeal. The government responded by moving to dismiss the appeal, contending that Ellis had waived the right to appeal his sentence. We find it unnecessary to resolve the question of waiver, in view of our ruling on the merits, below.

**DISCUSSION**

In order to impose the increased penalty provided in 18 U.S.C. § 924(e)(1), the rule in this circuit has long required the district court to determine whether a federal defendant's prior state-court convictions qualify as "serious drug offenses" based on the applicable state sentencing laws in existence at the time of federal sentencing, rather than at the time of the state-court conviction. This rather counterintuitive holding traces back to *United States v. Morton*, 17 F.3d 911, 915 (6th Cir. 1994), in which the court concluded that the definition of "serious drug offense" in subsection 924(e)(1)(A)(ii) is "ambiguous" because it fails to specify when the determination of "seriousness" should be made – whether as of

the original sentencing in state court or as of the later federal sentencing. The latter

interpretation was invoked by the court under the principal of lenity, given that the

applicable Tennessee statute under which Morton was subject to a ten-year sentence had

since been amended to provide a maximum sentence of six years. *See Morton*, 17 F.3d

at 915.

In a subsequent case, however, we noted that although it was possible to determine

that Morton's convictions under the amended Tennessee statute would not qualify as

"serious drug offenses" because both indictments specified the amount of drugs involved,

in other cases such certainty might not be possible. For example, in *Mallett v. United

States*, 334 F.3d 491 (6th Cir. 2003), the defendant had originally been sentenced under

an Ohio statute that calculated drug quantity in terms of dosages but had subsequently

been amended to provide for measurement in grams. In sentencing Mallett, the district

court found that because no system of conversion from doses to grams existed, it was

"difficult to discern exactly how Mallett would be sentenced under the Ohio drug sentencing

provisions that were in effect at the time he was sentenced in federal court." *Id.* at 502.

We agreed, concluding that such a situation "militates in favor of determining the

classification of the controlled-substance offense as of the time of the state-court

conviction." *Id.* at 503. We therefore held:

> When the original sentence is imposed, there is no problem determining the
> maximum term of imprisonment for that offense. Such a determination is no
> longer possible at the time of sentencing in federal court, however, unless
> the state-court indictment or jury instructions contain the information that

> would enable the district court to determine the punishment that would apply
> to the defendant's conviction under the amended state laws.

*Id.*

As was the case in *Mallett*, there is no way to discern from the record how Ellis would be sentenced under Tennessee's revised drug laws in effect at the time of his federal sentencing in this case, because the quantities of cocaine involved in the1989 state-court cases were immaterial under the former Tennessee statute and do not appear in relevant documents stemming from his state convictions, *i.e.*, indictments, plea agreements, jury instructions, or judgments.  It follows that the district court did not err in looking to the state penalties applicable at the time of Ellis's convictions in state court in determining that those convictions were for "serious drug offenses."

Moreover, we note that the former law in this circuit has been effectively overturned by the Supreme Court's recent opinion in *McNeill v. United States*, in which the Court described the ACCA's requirement that a district court "determine whether a 'previous conviction' was for a serious drug offense" as a "backward-looking question" that can be resolved only by "consult[ing] the law that applied at the time of that conviction." ___ U.S. ___, ___, 131 S.Ct. 2218, 2222 (2011).  Indeed, at one point in the *McNeill* opinion, the Court both cited with approval and discussed *Mallett*, noting in that case – as indicated above – that the Sixth Circuit was "compelled to look to state law 'as of the time of the state-court conviction' to determine the maximum possible sentence for Mallett's prior

offense." *Id.* at 2223 (quoting *Mallett*, 334 F.3d at 503).  Thus, there can no longer be any

doubt that the district court correctly sentenced Ellis as an armed career criminal in this

case.

       AFFIRMED.