**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4563

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WALLACE WHITE,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William D. Quarles, Jr., District Judge.
(1:05-cr-00506-WDQ-AL)

Argued: May 22, 2007                        Decided: July 6, 2007

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

Vacated and remanded by unpublished opinion. Judge Shedd wrote the
opinion, in which Judge Motz and Senior Judge Hamilton joined.

**ARGUED:** Martin Gregory Bahl, Assistant Federal Public Defender,
OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for
Appellant. Paul M. Tiao, OFFICE OF THE UNITED STATES ATTORNEY,
Baltimore, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal
Public Defender, Baltimore, Maryland, for Appellant. Rod J.
Rosenstein, United States Attorney, Stephanie A. Gallagher,
Assistant United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Baltimore, Maryland for Appellee.

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Wallace White was convicted of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The Government sought to have White's sentence enhanced under the Armed Career Criminals Act ("ACCA"), asserting that White had previously been convicted on three separate occasions for "serious drug offense[s]" within the meaning of 18 U.S.C. § 924(e)(2)(A). The district court granted the enhancement and sentenced White to 235 months imprisonment. White appeals only his sentence, contending that the Government failed to prove that one of his three prior convictions -- an October 2003 conviction for manufacturing or distributing an unlawful substance in Maryland -- qualified as a serious drug offense for purposes of § 924(e). For the reasons that follow, we vacate White's sentence and remand for resentencing.

We review de novo the question of whether a prior conviction is a qualifying offense under the ACCA. United States v. Williams, 326 F.3d 535, 537 (4th Cir. 2003). To qualify as a serious drug offense, a prior conviction must have carried a maximum statutory penalty of at least 10 years imprisonment. 18 U.S.C. § 924(e)(2)(A)(ii). In deciding that White's 2003 conviction qualified as a serious drug offense, the district court considered two documents: (1) a "True Test Copy" from the District Court of Maryland, which revealed that White had been previously convicted

2

of "CDS MANUFACT/DIST-NARC-ATT" and (2) a "Statement of Probable Cause," which detailed the circumstances surrounding White's prior arrest. However, the district court did not clearly enunciate its rationale for granting the enhancement.

The True Test Copy contains references to numerous arcane acronyms and codes, which the Government contends, if correctly deciphered, clearly establish that White's prior conviction carried a maximum term of imprisonment of 20 years under the applicable Maryland statute. If the Government is correct, our categorical approach would dictate that the 2003 conviction was a serious drug offense and the enhancement was proper. See Taylor v. United States, 495 U.S. 575, 602 (1990) (discussing the categorical approach). However, the very limited record before us fails to identify sufficiently the Maryland materials needed to decipher the information contained in the True Test Copy. Thus, without some additional development of the record, we simply cannot determine from the True Test Copy whether White's prior conviction qualifies as a serious drug offense.

The Statement of Probable Cause does not provide the basis for an enhancement. This document lacks any stamp or seal of any Maryland court and bears no indication that it was a sworn statement. Further, the record does not indicate that the Statement of Probable Cause was ever incorporated into the charging papers for the 2003 conviction. Therefore, the Statement of

3

Probable Cause cannot form the basis of White's enhancement. Cf. United States v. Simms, 441 F.3d 313, 315-18 (4th Cir. 2006) (upholding sentencing court's reliance on a sworn affidavit and other materials that were stamped by the state court and incorporated into the charging documents).

Accordingly, we vacate White's sentence and remand for resentencing consistent with this opinion, including a determination as to whether the True Test Copy, when interpreted in light of the relevant Maryland authority, mandates that White's 2003 conviction carried a maximum term of imprisonment of at least 10 years.

VACATED AND REMANDED