**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4201**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WALLACE WHITE,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(1:05-cr-00506-WDQ-1)

─────────────

Submitted:  July 23, 2008            Decided:  August 15, 2008

─────────────

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James Wyda, Federal Public Defender, Martin G. Bahl, Staff
Attorney, Baltimore, Maryland, for Appellant. Rod J. Rosenstein,
United States Attorney, Stephanie A. Gallagher, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wallace White appeals the sentence imposed upon him after we vacated his original sentence and remanded for resentencing. See United States v. White, 231 F. App'x 301 (4th Cir. 2007) (unpublished). White's sole issue on appeal is that the district court again erred in enhancing his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2000) ("ACCA"), because the Government still has not established that White's 2000 Maryland conviction for attempted manufacture and distribution of a controlled substance was a conviction for a "serious drug offense" under the ACCA.[1] Finding no error, we affirm the district court's judgment.

We conclude that the district court, utilizing the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 602 (1990), correctly found on remand that White's October 2000 conviction was a proper ACCA predicate conviction. As instructed by this court in our disposition of White's initial

_____

[1]White's October 2000 conviction was for violation of Md. Code Art. 27, § 286, which was re-codified as Md. Code Ann., Crim. Law § 5-602 (LexisNexis 2002). Under these provisions, the maximum penalty for distributing a controlled dangerous substance varies depending on the drug involved; if the offense involved a Schedule I or Schedule II drug, such as cocaine, the maximum penalty would be twenty years' imprisonment, but if the drug involved was marijuana, for example, the maximum punishment would be only five years' imprisonment. See Md. Code Ann., Crim. Law §§ 5-607 and 5-608 (LexisNexis 2002). White challenged the October 2000 conviction as an ACCA predicate offense because he asserted that the Government's evidence did not establish the drug involved in that offense was a Schedule II drug (i.e., cocaine).

appeal, the Government produced an expert to explain how the "True Test Copy" of conviction demonstrated that White's October 2000 crime was for attempting to distribute a dangerous controlled substance that was not marijuana and, accordingly, was statutorily defined as carrying a maximum penalty of twenty years. Based on the evidence presented by the Government on remand, we conclude that, under Taylor, the October 2000 conviction qualified as a predicate ACCA offense.[2] See 18 U.S.C. § 924(e)(2)(A)(ii) (2000).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]We express no opinion regarding the district court's alternative holding that the statement of probable cause sufficiently established that White's October 2000 conviction was an ACCA predicate offense.