United States Court of Appeals,

Eleventh Circuit.

Nos. 95-3254, 96-2558.

John Michael MCCARTHY, Jr., Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

UNITED STATES of America, Plaintiff-Appellee,

v.

John Michael MCCARTHY, Jr., Defendant-Appellant.

Feb. 20, 1998.

Appeals from the United States District Courts for the Middle and Northern Districts of Florida. (Nos. TRC-90-04028, TCA-94-40041-WS), William Stafford, Judge.

Before TJOFLAT and ANDERSON, Circuit Judges, and HOEVELER[*], Senior District Judge.

PER CURIAM:

These two consolidated appeals by John Michael McCarthy ("McCarthy") raise only one issue that warrants discussion.[1] McCarthy was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and the sentence now on appeal includes a fifteen-year mandatory minimum sentence pursuant to 18 U.S.C. § 924(e)(1). McCarthy objects to the application in his case of the fifteen-year mandatory minimum.

18 U.S.C. § 924(e)(1) provides:

In the case of a person who violates section 922(g) of this title and has *three previous*

---

[*]Honorable William M. Hoeveler, Senior U.S. District Court Judge for the Southern District of Florida, sitting by Designation.

[1]The other issues raised by McCarthy are without merit and warrant no discussion.

*convictions* by any court referred to in section 922(g)(1) of this title for a violent felony or *a serious drug offense,* or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and *imprisoned not less than fifteen years,* and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (emphasis added).

A "serious drug offense" is defined to include:

an *offense* under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), *for which a maximum term of imprisonment of ten years or more is prescribed by law.*

18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added).

McCarthy challenges the application of the fifteen-year mandatory minimum by arguing that he does not have three prior convictions that qualify to trigger the enhancement. He concedes that he has one qualifying prior conviction. He also concedes that he has three additional prior convictions for the sale of cocaine in violation of Fla. Stat. § 893.13(1)(a). With respect to each of these, he concedes that the statutory maximum penalty was fifteen years. Finally, he concedes that these three drug convictions would qualify as "serious drug offenses," and thus trigger the enhancement, if the "maximum term of imprisonment of ten years" language of § 924(e)(2)(A)(ii) refers to the statutory maximum penalty.

However, McCarthy argues that this § 924(e)(2)(A)(ii) language refers instead to Florida's sentencing guideline scheme. McCarthy points out that the guidelines' presumptive sentence range for each of the prior convictions at issue was between three and one-half and four and one-half years. McCarthy argues that the maximum sentence for his three prior drug convictions was four and one-half years (the high end of the presumptive range), and thus the § 924(e)(1) enhancement was not triggered.

The issue before us in this appeal is whether the language of § 924(e)(2)(A)(ii)-"maximum term of imprisonment of ten years"-refers to the statutory maximum penalty or the high end of the presumptive sentencing range of the Florida sentencing guidelines.

We begin our analysis with the plain meaning of the language of the statute, which defines a "serious drug offense" as "an offense ... for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). McCarthy's argument that the quoted language refers to the high end of the Florida sentencing guidelines' presumptive range is flawed because the high end of the presumptive range is simply not the "maximum."[2] The Florida sentencing guidelines provide for upward departures above the presumptive sentence range. *See Miller v. Florida,* 482 U.S. 423, 425-26, 107 S.Ct. 2446, 2449, 96 L.Ed.2d 351 (1987) (describing this aspect of the Florida sentencing guidelines).

McCarthy argues that the high end of the presumptive range was in fact the maximum in his case, as evidenced by the fact that the sentencing judge presiding at his prior sentencing proceedings did not depart upwards, but rather actually departed downwards. We reject McCarthy's suggestion that § 924(e)(2)(A)'s definition of "serious drug offense" ties the ten-year maximum to the criminal defendant's particular sentence. Rather, the Supreme Court has held that "the enhancement provision always has embodied a categorical approach to the designation of predicate offenses." *Taylor v. United States,* 495 U.S. 575, 588, 110 S.Ct. 2143, 2153, 109 L.Ed.2d 607 (1990). Like this case, *Taylor* involved a defendant convicted of unlawful possession of a firearm in violation of §

---

[2]McCarthy places emphasis on the last three words of § 924(e)(2)(A)(ii)-"for which a maximum term of imprisonment of ten years or more is *prescribed by law* "-and on the Supreme Court's holding in *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), that the Florida state sentencing guidelines law "is a law enacted by the Florida Legislature, and it has the force and effect of law." *Miller,* 482 U.S. at 435, 107 S.Ct. at 2453. It is of course true that the Florida state sentencing guidelines are "prescribed by law"; however, the high end of a particular presumptive range is simply not the "maximum" sentence which is prescribed by law.

922(g), whose sentence was enhanced under § 924(e) on the basis of three prior convictions. In *Taylor,* the predicate offenses potentially fell under those defined as a "violent felony," whereas the predicate offenses at issue in this case potentially fall under those defined as a "serious drug offense." The Supreme Court discussed the approach to predicate offenses which Congress intended. The Court stated:

> First, the language of § 924(e) generally supports the inference that Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions....

> Second, as we have said, the legislative history of the enhancement statute shows that Congress generally took a categorical approach to predicate offenses. There was considerable debate over what kinds of offenses to include and how to define them, but no one suggested that a particular crime might sometimes count towards enhancement and sometimes not, depending on the facts of the case. If Congress had meant to adopt an approach that would require the sentencing court to engage in an elaborate factfinding process regarding the defendant's prior offenses, surely this would have been mentioned somewhere in the legislative history.

> Third, the practical difficulties and potential unfairness of a factual approach are daunting. In all cases where the Government alleges that the defendant's actual conduct would fit the generic definition of burglary, the trial court would have to determine what that conduct was.

*Taylor,* 495 U.S. at 600-01, 110 S.Ct. at 2159. Guided by the rationale in *Taylor,* we conclude that § 924(e)(2)(A)'s definition of "serious drug offense" employs a categorical approach. Under this approach, a court should look to the maximum sentence for the offense category in which the particular predicate offense falls, not to the particular sentence received by the defendant or the particular facts of the defendant's crime.[3] Thus, we reject McCarthy's suggestion that we look to the

---

[3]In an apparent attempt to deflect the force of the Supreme Court's observation that Congress could not have intended to impose upon sentencing courts the burden of relitigating the facts underlying each predicate offense, McCarthy emphasizes the fact that his actual sentence was three years. Although it is true that the practical difficulties pointed out by the Supreme Court in *Taylor* could be avoided by looking to the readily ascertainable actual sentence imposed for each predicate offense, we reject McCarthy's invitation to look to the actual sentence imposed for a

particular facts of his prior convictions and sentences.  The only true maximum sentence for the

offense category is the statutory maximum.[4]

For the foregoing reasons, we conclude that the statutory maximum sentence is the sentence

referred to by the language "an offense ... for which a maximum term of imprisonment of ten years

or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii) (defining "serious drug offense").

Because the predicate drug offenses at issue here carried a statutory maximum term of fifteen years,

we conclude that McCarthy's prior convictions qualified as "serious drug offenses" so that the §

924(e)(2)(A)(ii) enhancement was triggered.

Accordingly, the judgment of the district court is

AFFIRMED.

---

predicate offense.  Such an approach flies in the face of the plain meaning of the statutory
language, which refers to the "maximum" sentence, not to the actual sentence imposed.

[4]McCarthy's reliance upon *United States v. Morton,* 17 F.3d 911 (6th Cir.1994) is misplaced.
The primary issue in *Morton* was whether the maximum sentence referred to in §
924(e)(2)(A)(ii) was the law at the time of the prior conviction, or the law at the time of the
federal sentencing at issue.  The Sixth Circuit held the latter.  The prior conviction in *Morton*
carried a maximum term of more than ten years at the time of that conviction, but (because of a
change in the law) carried only a six-year maximum at the time of Morton's sentencing under §
924(e) in federal court.  The Sixth Circuit applied the law at the time of the federal sentencing
and held that the prior conviction was not a "serious drug offense."  That issue is not before this
court;  there is no claim in this case that Florida's maximum sentence was reduced after the point
in time that McCarthy was sentenced in state court.  Moreover, there is no indication in the
*Morton* opinion that the six-year maximum sentence (which disqualified the prior conviction as a
"serious drug offense") was subject to an upward departure.