## Karriem J. MCDOWELL, Petitioner-Appellant,

v.

## WARDEN, FCC COLEMAN-MEDIUM, Respondent-Appellee.

### No. 16-10047
### Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

(May 31, 2017)

Karriem J. McDowell, Pro Se

Yvette Rhodes, Arthur Lee Bentley, III, Colleen D. Murphy-Davis, U.S. Attorney's Office, Tampa, FL, for Respondent-Appellee

Before MARCUS, MARTIN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Karriem McDowell appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his § 2241 petition, Petitioner argued that he was actually innocent of his enhanced sentence under the Armed Career Criminal Act ("ACCA"). The district court dismissed the petition after concluding that Petitioner failed to show that his claim fell within 28 U.S.C. § 2255(e)'s saving clause. After careful review, we affirm.

## I. BACKGROUND

In 2007, Petitioner pled guilty pursuant to a written plea agreement to being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) & 924(e)(1). The Presentence Investigation Report ("PSR") determined that Petitioner was an armed career criminal pursuant to U.S.S.G. § 4B1.4 because he had five prior convictions for serious drug offenses and one prior conviction for a violent felony offense. Specifically, Petitioner had a conviction for possession of marijuana with intent to sell, four convictions for sale or delivery of cocaine, and one conviction for resisting an officer with violence, all in Florida. At sentencing, Petitioner argued that although the ACCA called for a criminal history category of VI, he should have a criminal history category of IV because

the PSR incorrectly scored some of his prior convictions. After overruling Petitioner's objection, the district court sentenced him to 188 months' imprisonment. Petitioner appealed his sentence, but this Court dismissed his appeal based on the appeal waiver contained in his plea agreement.

In 2009, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, arguing in relevant part that his counsel was ineffective for failing to appeal his ACCA enhancement, that he was actually innocent of the ACCA enhancement because possession of a weapon was not a violent crime, and that his guilty plea was not knowing and voluntary because his attorney did not explain the implications of the ACCA enhancement. The district court summarily dismissed Petitioner's § 2255 motion, concluding that Petitioner's claim that counsel had failed to file an appeal was meritless, as this Court dismissed Petitioner's appeal based on a valid appeal waiver. The district court also determined that the basis for Petitioner's enhanced sentence was not for a firearm offense as Petitioner alleged, but due to five qualifying offenses relating to controlled substances and one crime of violence.

This Court subsequently vacated the district court's judgment without prejudice pursuant to *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), and remanded for the district court to address Petitioner's claim that his plea was not knowing and voluntary based on his attorney's failure to inform him about the effect of his armed career criminal designation. On limited remand, the district court determined that Petitioner waived his right to challenge the voluntariness of his guilty plea based on his counsel's failure to properly advise him about the effect of his ACCA enhancement.

In 2013, Petitioner filed the present § 2241 petition seeking relief from his sentence for being a felon in possession of a firearm. He argued that he was actually innocent of the ACCA enhancement and that his counsel was ineffective for failing to object to his designation as an armed career criminal.

The district court dismissed Petitioner's § 2241 petition, concluding that it lacked jurisdiction because Petitioner failed to show that the remedy under § 2255 was "inadequate or ineffective," as required by this Court's decision in *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013), *overruled by McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1100 (11th Cir. 2017) (en banc).

Petitioner argues on appeal that the district court erred by dismissing his § 2241 petition. He asserts that his prior drug convictions should not qualify as predicate offenses because the controlled substances were never tested in a laboratory as required by *McFadden v. United States*, —— U.S. ——, 135 S.Ct. 2298, 192 L.Ed.2d 260 (2015), nor were there any *Shepard*[1] documents submitted to support those convictions. Moreover, his convictions under Florida Statute § 893.13 do not qualify as predicate offenses because they did not carry sentences of 10 years or more and the statute lacks a *mens rea* requirement. Finally, he asserts that the ACCA's residual clause is now void pursuant to *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

## II. DISCUSSION

We review the issue of whether a prisoner may bring a § 2241 petition under § 2255(e)'s saving clause *de novo*. *McCarthan*, 851 F.3d at 1081. Whether the saving

1. *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

clause applies is a threshold issue, and we may not reach the merits of a § 2241 petition unless the district court had jurisdiction to entertain it. *Williams v. Warden, Fed. Bureau of Prisons,* 713 F.3d 1332, 1337 (11th Cir. 2013).

A collateral attack on the validity of a federal conviction or sentence generally must be brought under 28 U.S.C. § 2255. *Sawyer v. Holder,* 326 F.3d 1363, 1365 (11th Cir. 2003). When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from this Court before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255(h).

Petitioner has already filed an unsuccessful § 2255 motion and has not received permission to file a second or successive § 2255 motion. He nevertheless argues that he may collaterally attack his sentence by way of a § 2241 petition that falls within the "saving clause" of § 2255(e). Under the saving clause, a court may entertain a § 2241 petition if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The district court dismissed Petitioner's § 2241 petition because he did not meet the requirements set forth in our decision in *Bryant* for establishing eligibility for relief under the saving clause. Sitting *en banc,* we recently overruled our prior precedents interpreting the saving clause, including our decision in *Bryant. See McCarthan,* 851 F.3d at 1100.

In doing so, we examined the text of the saving clause under § 2255(e) and concluded that "[t]o determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim." *Id.* at 1086. Stated another way, if the prisoner could have brought the claim in a motion to vacate, then the prisoner had a meaningful opportunity to test his claim. *See id.* We explained that there were only a narrow set of circumstances where § 2255 would be "inadequate or ineffective" to test a prisoner's claim. *Id.* at 1092–93. Under those circumstances, a prisoner may file a petition for writ of habeas corpus under the saving clause if: (1) he has been deprived of good-time credits or had a parole determination; (2) the court that sentenced him has been dissolved or is unavailable; or (3) other practical considerations prevent a prisoner from filing a motion to vacate. *See id.*

Because Petitioner had "a meaningful opportunity to test his claim" in a § 2255 motion to vacate, the remedy provided by § 2255 "was an adequate and effective means for testing" the legality of his sentence. *Id.* at 1087, 1099 (quotation omitted). In fact, Petitioner presented a claim challenging his ACCA enhanced sentence in his initial § 2255 motion. *See id.* ("A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim."). To the extent Petitioner contends that his claims were foreclosed at the time of his § 2255 motion, his argument is without merit, as § 2255 was still an adequate remedy to test his claim. *See id.* ("Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim....."). And in any event, his argument that his prior drug convictions under § 893.13 do not qualify as predicate offenses is still foreclosed by binding precedent. *See United States v. Smith,* 775 F.3d 1262, 1267–68 (11th Cir. 2014) (holding that a conviction under Fla. Stat. § 893.13(1) is a serious drug offense); *McCarthy v. United States,* 135 F.3d 754, 756–58 (11th Cir. 1998) (concluding that a

conviction for sale of cocaine under Fla. Stat. § 893.13(1)(a) carries a 15-year statutory maximum and thus qualifies as a serious drug offense under the ACCA).

Thus, Petitioner cannot use the saving clause to raise those arguments in a § 2241 petition. Accordingly, we affirm the district court's order dismissing Petitioner's § 2241 petition for lack of jurisdiction.

AFFIRMED.[2]

---

**2.** Petitioner's motion for leave to file a reply   brief out of time is GRANTED.