[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12010
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-20836-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHIRAHN JAMAL GILBERT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 17, 2021)

Before MARTIN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Shirahn Gilbert appeals his 180-month sentence imposed after Gilbert pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.

Before Gilbert's sentencing, a probation officer prepared a Presentence Investigation Report ("PSI"). The PSI determined that Gilbert had at least three prior convictions for serious drug offenses and was, thus, subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). As predicate offenses for the ACCA-enhancement, the PSI identified five prior felony convictions for violation of Fla. Stat. § 893.13(1)(a)(1): a "controlled substance" crime.

Based on Gilbert's total offense level of 30 and criminal history category of VI, Gilbert's advisory guideline range was calculated as 168 to 210 months' imprisonment. Applying the ACCA's minimum statutory sentence of 15 years, Gilbert's guidelines range became 180 to 210 months.

Gilbert objected to his designation as an armed career criminal, asserting that his convictions under Fla. Stat. § 893.13(1)(a)(1) did not qualify as "serious drug offenses" under the ACCA. Gilbert, however, acknowledged that his

2

arguments were contrary to this Court's existing precedent. The sentencing court overruled Gilbert's objections and imposed a sentence of 180 months.

On appeal, Gilbert reasserts his arguments challenging his designation as an armed career criminal. We review de novo whether a prior conviction qualifies as a serious drug offense within the meaning of the ACCA. See United States v. Longoria, 874 F.3d 1278, 1281 (11th Cir. 2017).

Under the ACCA, a defendant is subject to a 15-year mandatory minimum sentence if he (1) is convicted of unlawful possession of a firearm under 18 U.S.C. § 922(g) and (2) has at least 3 prior convictions for violent felonies or for "serious drug offense[s]." 18 U.S.C. § 924(e)(1). Pertinent to this appeal, a "serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Under Florida law, "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a).

Gilbert first argues that none of his Florida drug convictions qualify as "serious drug offenses" because Fla. Stat. § 893.13(1)(a)(1) defines "controlled

substance" more broadly than does the Controlled Substances Act. Gilbert's argument, however, is foreclosed by our binding precedent.

We have already decided that a conviction under Fla. Stat. § 893.13(1)(a)(1) constitutes a "serious drug offense" within the meaning of the ACCA. See United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014). Gilbert acknowledges our decision in Smith but contends that Smith has since been limited by the Supreme Court's decision in Shular v. United States, 140 S. Ct. 779 (2020). We disagree.

In Shular, the Supreme Court affirmed this Court's ruling -- a ruling that relied on Smith -- that the defendant's prior convictions under Fla. Stat. § 893.13(1)(a) constituted "serious drug offenses" under the ACCA. 140 S. Ct. at 784. The Supreme Court concluded that the ACCA's "serious drug offense" definition "requires only that the state offense involve the conduct specified in the federal statute; it does not require that the state offense match certain generic offenses." 140 S. Ct. at 782 (emphasis added).

Under our prior-panel-precedent rule, we are bound by a prior panel's decision "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008). Nothing in Shular overruled or undermined Smith. Cf. United States v. (Xavier Levar) Smith, 983 F.3d 1213, 1223 (11th Cir. 2020) (concluding -- based on both Shular and Smith -- that defendant's

4

convictions under Fla. Stat. § 893.13(1)(a)(1) qualified as serious drug offenses under the ACCA).  That the opinion in Smith never addressed expressly the overbreadth argument now asserted by Gilbert is immaterial: the Smith decision remains controlling.  See In re Lambrix, 776 F.3d 789, 794 (11th Cir. 2015) (noting that "a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel.").

Gilbert next argues that his two 1998 Florida drug convictions fail to satisfy the definition of "serious drug offense" because Gilbert did not in fact face a sentence of "ten years or more" under Florida's then-presumptive guidelines system.  This argument is also foreclosed by our binding precedent.  In McCarthy v. United States, we decided that -- in determining whether a prior conviction met the ACCA's "maximum term of imprisonment" requirement -- a sentencing court must "look to the maximum sentence for the offense category in which the particular predicate offense falls, not to the particular sentence received by the defendant or the particular facts of the defendant's crime."  135 F.3d 754, 757 (11th Cir. 1998) (affirming an ACCA-enhanced sentence because defendant's convictions under Fla. Stat. § 893.13(a)(1) carried a statutory maximum penalty of 15 years and, thus, qualified as "serious drug offenses").

Gilbert's reliance on Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), is mistaken.  There, the Supreme Court rejected the government's argument that --

5

because defendant's conduct <u>could have</u> been prosecuted in federal court and charged as a felony -- his prior state misdemeanor conviction for simple drug possession qualified as an "aggravated felony" under the Immigration and Nationality Act.  560 U.S. at 581-82.

Unlike in <u>Carachuri-Rosendo</u>, this case involves no hypothetical statute of conviction in determining the maximum possible penalty.  Gilbert's actual statute of conviction carries a maximum sentence that satisfies the ACCA's "ten years or more" requirement.  Nothing in <u>Carachuri-Rosendo</u> overruled or undermined-to-the-point-of-abrogation our decision in <u>McCarthy</u>.  We are bound by that prior panel decision.

Gilbert next contends that his two post-2002 drug convictions cannot serve as valid predicate offenses under the ACCA because Fla. Stat. § 893.13 includes no <u>mens rea</u> requirement about the illicit nature of the controlled substance.  This argument is foreclosed by our decision in <u>Smith</u>.  <u>See Smith</u>, 775 F.3d at 1268 (concluding that a conviction under Fla. Stat. § 893.13 constitutes a "serious drug offense" under the ACCA: a predicate state offense need not include "an element of <u>mens rea</u> with respect to the illicit nature of the controlled substance.").

AFFIRMED.