[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13645

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

QUINTON DEAIRRE GARDNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:18-cr-00517-ACA-JHE-1

_____

Before NEWSOM, TJOFLAT, and HULL, Circuit Judges.

HULL, Circuit Judge:

After pleading guilty, Quinton Deairre Gardner appeals his 180-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court concluded that Gardner qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had at least three prior "serious drug offenses." Namely, Gardner had three separate Alabama convictions for first-degree unlawful possession of marijuana for other than personal use and a conviction for unlawful distribution of a controlled substance.

To count as a "serious drug offense" under the ACCA, the drug offenses must have a "maximum term of imprisonment of ten years or more . . . prescribed by law." See 18 U.S.C. § 924(e)(2)(A)(ii). Alabama's statutory maximum penalties for each of Gardner's drug offenses was ten years or more. On appeal, Gardner argues the "maximum term of imprisonment" is not the "statutory maximum" penalty but instead the high end of the particular sentencing range calculated for his prior convictions under Alabama's presumptive sentencing standards. Because we apply the categorical approach, we look to the maximum statutory sentence for Gardner's drug offenses, not to the high end of his presumptive sentencing range. Therefore, we affirm Gardner's ACCA-enhanced sentence.

# I.     BACKGROUND FACTS

## A. Offense Conduct and Guilty Plea

In January 2018, Gardner, a convicted felon, was pulled over by a Tuscaloosa County Sheriff's Office deputy during a traffic stop. The deputy ran a check on the license plate of the car Gardner was driving and found that the plate was assigned to a different vehicle. The deputy also confirmed Gardner's identity and discovered that Gardner had an outstanding warrant. During a search of Gardner's car, the deputy found a gun under the driver's seat. Although Gardner denied ownership of the gun, recorded jail telephone calls showed that Gardner was in fact the gun's owner but had coached the passenger in his car to claim ownership.

In 2019, Gardner pled guilty to one count of being a felon in possession of a firearm, in violation of § 922(g)(1).

## B. Presentence Investigation Report

The probation officer prepared a presentence investigation report ("PSI") that recommended: (1) a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) because Gardner committed the offense after sustaining two prior felony convictions for a controlled substance offense; (2) a two-level increase under U.S.S.G. § 3C1.1 for attempting to unlawfully influence the passenger in his car to claim ownership of the gun; and (3) a three-level decrease under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility.

As to criminal history, the PSI stated that Gardner had one 2011 and two separate 2014 Alabama convictions for first degree unlawful possession of marijuana for other than personal use and a 2015 Alabama conviction for unlawful distribution of a controlled substance.  With a total offense level of 23 and a criminal history category of III, the resulting advisory guidelines range was 57 to 71 months' imprisonment.  The PSI stated that the statutory maximum sentence for his firearm offense was ten years' imprisonment under 18 U.S.C. § 924(a)(2) and did not recommend an ACCA enhancement.

### C.  Objections as to ACCA Enhancement Based on Gardner's Prior Drug Convictions

Both Gardner and the government objected to the PSI.  In their objections and later briefs, the parties disputed whether Gardner was subject to an ACCA-enhanced sentence because his four prior Alabama drug convictions qualified as "serious drug offenses."

The parties also submitted copies of state court documents relating to Gardner's prior drug convictions, including, *inter alia*, the charging, plea, and sentencing documents for the four drug convictions.  According to these documents, Gardner's 2011 conviction for first-degree unlawful possession for other than personal use, in violation of Ala. Code § 13A-12-213(a)(1), was a class C felony.  The statutory sentencing range was not less than one year and one day and not more than ten years, and Gardner

was sentenced to five years in prison. *See* Ala. Code §§ 13A-12-213(b), 13A-5-6(a)(3) (2006).

Because this 2011 conviction predated the adoption of Alabama's presumptive guidelines in 2013, there was no mention of a presumptive sentencing range. At sentencing and on appeal Gardner has not disputed that this 2011 conviction qualified as a serious drug offense under the ACCA. Instead, he has focused on his three convictions sustained after Alabama's presumptive sentencing standards were adopted.

For Gardner's two § 13A-12-213(a)(1) convictions in 2014, the statutory maximum prison term was 20 years because Gardner already had one prior felony conviction. The presumptive sentencing range was 13 to 32 months, and the 20-year statutory maximum was the sentencing range for any upward departure from the presumptive sentencing range. For these two crimes, however, the state had not asserted any aggravating factors that would permit the state court to depart from the presumptive sentencing range, and the state court imposed 24-month sentences for each conviction, to run concurrently.

Finally, Gardner's 2015 distribution of a controlled substance offense, in violation of Ala. Code § 13A-12-211, was a class B felony. Because Gardner now had three prior felonies, the statutory maximum prison term was life imprisonment. The presumptive sentencing range was 30 to 104 months, and the life statutory maximum was the sentencing range for any upward departure from the presumptive sentencing range. As with his

6                      Opinion of the Court                    20-13645

2014 drug crimes, the state did not assert any aggravating factors to support an upward departure, and the state court imposed a sentence of seven years.

### D. Sentencing

At a reconvened sentencing hearing, the district court sustained the government's objection and concluded that Gardner's prior Alabama drug convictions were ACCA-qualifying felonies. The district court determined that the "maximum term of imprisonment prescribed by law" for purposes of the ACCA's definition of "serious drug offense" was the state's *statutory* maximum prison term. Because Gardner had at least three ACCA-qualifying predicates, his total offense level was 30 and his criminal history category was IV, and his advisory guidelines range was 180-months, the statutory minimum term. *See* U.S.S.G. §§ 4B1.4, 5G1.1(b). The district court imposed a 180-month sentence.

## II.    DISCUSSION

### A. *"Serious Drug Offense" Under the ACCA*

Under the ACCA, a defendant who violated § 922(g) is subject to a mandatory minimum 15-year sentence if the defendant has three previous convictions for a "serious drug offense" that were "committed on occasions different from one another." *See* 18 U.S.C. § 924(e)(1). The ACCA defines "serious drug offense" as, among other things, "an offense under State law, involving manufacturing, distributing, or possessing with intent to

manufacture or distribute, a controlled substance" and "for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).[1]

On appeal, Gardner does not dispute that his two 2014 Alabama convictions for first degree unlawful possession of marijuana for other than personal use and his 2015 Alabama conviction for unlawful distribution of a controlled substance were committed on different occasions and are all offenses under state law involving the manufacture, distribution, or possession with intent to manufacture or distribute a controlled substance. The only issue is whether for these three drug offenses "a maximum term of imprisonment of ten years or more is prescribed by law."

This Court applies a categorical approach to determine whether the defendant's prior conviction was for an offense for which a "maximum term of imprisonment" of ten years or more was "prescribed by law." *McCarthy v. United States*, 135 F.3d 754, 756-57 (11th Cir. 1998). In doing so, we "look to the maximum sentence for the offense category" and not to "the particular sentence" the defendant received or to the "particular facts of the defendant's crime." *Id.* at 757 (footnote omitted).

---

[1] We review *de novo* whether prior convictions qualify as a serious drug offense under the ACCA. *United States v. Conage*, 976 F.3d 1244, 1249 (11th Cir. 2020).

### B.  Alabama Sentencing Scheme

Under Alabama law in effect at the time of Gardner's 2014 and 2015 convictions, the statutory maximum prison sentence was governed by the felony offense classification of Classes A, B and C. *See* Ala. Code § 13A-5-6 (2006).  The statutory maximum for the offense of first-degree unlawful possession of marijuana for other than personal use, a Class C felony, was "not more than 10 years." Ala. Code §§13A-12-213(a)(1)-(2), 13A-5-6(a)(3) (2006).  The statutory maximum for an unlawful distribution of a controlled substance offense, a Class B felony, was "not more than 20 years." Ala. Code §§ 13A-12-211(a)-(b), 13A-5-6(a)(2) (2006).

In addition, under the version of Alabama's habitual offender statute in effect at the time, a defendant convicted of a Class C felony who had a prior felony conviction was punished for a Class B felony, i.e., not more than twenty years.  Ala. Code §§ 13A-5-6(a)(2), 13A-5-9(a)(1) (2006).  A defendant convicted of a Class B felony who had three prior felony convictions was subject to a term of not less than 20 years and up to life imprisonment.  Ala. Code § 13A-5-9(c)(2) (2006).

On appeal, it is undisputed that each of Gardner's offenses of conviction carried a statutory maximum prison term of ten years or more under Alabama's felony classification statute.  Further, Gardner was also subject to an enhanced statutory maximum prison term as a habitual felony offender.

20-13645                Opinion of the Court                9

Since October 1, 2013, Alabama also has used presumptive sentencing standards to sentence defendants for certain nonviolent offenses. The Alabama Sentencing Commission adopted these guidelines at the direction and approval of the Alabama legislature. *See* Ala. Code § 12-25-34.2(b); *see also* Act No. 2012-473, Ala. Acts 2012; *Clark v. State*, 166 So. 3d 147, 149 (Ala. Crim. App. 2014).

The guidelines include lists of "aggravating and mitigating factors that allow for a departure from the presumptive sentencing recommendations." Ala. Code § 12-25-34.2(a)(1), (a)(5), (b); *see also* Presumptive and Voluntary Sentencing Standards Manual ("Manual") at 14, 25-26 (Oct. 1, 2013), https://sentencing commission.alacourt.gov/media/1064/2013-presumptive-manual.pdf.

Under the Alabama guidelines, a sentence above the presumptive range must be based on an aggravating factor that has been proved to a jury beyond a reasonable doubt or admitted by the defendant. Manual at 14, 24; *see also Hyde v. State*, 185 So. 3d 501, 504 (Ala. Crim. App. 2015) (stating that under the presumptive standards, the sentencing court is required to follow "the dispositional and durational recommendation" and can depart only upon a finding of aggravating or mitigating factors).[2] An Alabama

---

[2] The 2013 guidelines contain a lengthy list of aggravating factors that describe various circumstances of the offense, such as whether the offense involved multiple participants; whether the defendant was a leader or organizer; whether the defendant held public office or was a fiduciary when the offense was committed; whether the offense involved a high degree of sophistication

court, however, cannot impose a sentence in excess of the statutory maximum sentence, even if the guidelines recommend a sentence *above* the statutory maximum penalty prescribed by Alabama law. *Laakkonen v. State*, 293 So. 3d 439, 446 (Ala. Crim. App. 2019).

### C.  McCarthy v. United States

Our precedent in *McCarthy* has construed the definition of "serious drug offense" in § 924(e)(2).   We thus begin with *McCarthy*.

In *McCarthy*, the defendant had three prior Florida convictions for the sale of cocaine.  135 F.3d at 756.  The *statutory* maximum penalty for Florida's offense of the sale of cocaine was fifteen years.  *Id.*  Florida had presumptive sentencing guidelines just as Alabama does here.  *See id.*

Like Gardner contends here, the defendant in *McCarthy* argued that "the high end of the presumptive range" under Florida's sentencing guidelines "was in fact the maximum in his case, as evidenced by the fact that the sentencing judge presiding at

_____

or planning, occurred over a long period, or involved multiple victims; and whether the defendant exposed a child to criminal conduct, just to name a few.  Manual at 26.

The list also contains a final, catch-all factor for "[a]ny other 'aggravating factor' reasonably related to the purposes of sentencing."  *Id.*  Generally, the prosecutor must give the defendant notice of any aggravating factors seven days before trial, but the trial court may permit notice to be given at any time upon a showing of good cause so long as the defendant has an opportunity to research and rebut the aggravating factor.  *Id.* at 24.

20-13645          Opinion of the Court          11

his prior sentencing proceedings did not depart upwards." *Id.* Thus, the defendant argued, "the § 924(e)(1) enhancement was not triggered." *Id.*

This Court rejected the defendant's argument. In doing so, the Court first analyzed the "plain meaning of the language of the statute" and concluded "that § 924(e)(2)(A)'s definition of 'serious drug offense' employs a categorical approach." *Id.* at 756-57. Under the categorical approach, "a court should look to the maximum sentence for the offense category in which the particular predicate falls, not to the particular sentence received by the defendant or the particular facts of the defendant's crime." *Id.* at 757 (footnote omitted).

The Court found McCarthy's argument to the contrary "flawed because the high end of the presumptive range is simply not the 'maximum.'" *Id.* The Court agreed that Florida's sentencing guidelines were "a law enacted by the Florida legislature" and therefore "prescribed by law" as required by the ACCA. *Id.* at 756 n.2. The Court explained, however, that "the high end of the particular presumptive range is simply not the 'maximum' sentence which is prescribed by law." *Id.* On this point, the Court stressed that "[t]he Florida sentencing guidelines provide for upward departures above the presumptive sentence range." *Id.* at 756.

Applying this categorical approach, the Court declined to look at the "particular facts of [McCarthy's] prior convictions and sentences." *Id.* at 757. Instead, the Court held that the language

"an offense . . . for which a maximum term of imprisonment of ten years or more is prescribed by law" in § 924(e)(2)(A)(ii) referred to "the statutory maximum sentence" applicable to McCarthy's predicate offenses.  *Id.* ("The only true maximum sentence for the offense category is the statutory maximum." (footnote omitted)). And because McCarthy's predicate sale of cocaine offenses "carried a statutory maximum term of fifteen years," our Court concluded "that McCarthy's prior convictions qualified as 'serious drug offenses' so that the § 924(e)(2)(A)(ii) enhancement was triggered." *Id.* at 757-58.

## D. Gardner's Claim

Applying the categorical approach required by *McCarthy* to Gardner's prior convictions, we conclude that the "maximum term of imprisonment" for ACCA purposes is the statutory maximum prison term for each drug offense.  Like Florida's guidelines in *McCarthy*, Alabama's guidelines permit upward departures from the presumptive range.  The fact that Gardner did not receive an upward departure sentence for any of his particular drug offenses is immaterial because under the categorical approach we look to "the maximum sentence for the offense category" and not to "the particular sentence received by the defendant or the particular facts of the defendant's crime." *See id.* at 757 & n.3.  Given that Alabama law provides for upward departures, the high end of the sentencing range the state court calculated for Gardner using Alabama's presumptive sentencing standards simply is not the "maximum"

20-13645            Opinion of the Court            13

prison term for purposes of the ACCA's definition of a "serious drug offense." *See id.* at 756 & n.2.

To the extent Gardner suggests that *McCarthy* has been undermined to the point of abrogation by *United States v. Rodriquez*, 553 U.S. 377, 128 S. Ct. 1783 (2008), we disagree. In *Rodriquez*, the Supreme Court considered only whether the phrase "maximum term of imprisonment prescribed by law" in the ACCA meant Washington state's five-year *statutory* maximum for first offenses or its ten-year *statutory* maximum for second and subsequent offenses where the defendant's judgment of conviction showed he had faced the recidivism enhancement. 553 U.S. at 381-82, 128 S. Ct. at 1786-87. The Supreme Court held that, in those circumstances, the *statutory* ten-year "maximum set by the applicable recidivist provision" was the "maximum term of imprisonment" required by the ACCA. *Id.* at 393, 128 S. Ct. at 1793.

*Rodriquez* did not involve mandatory or presumptive sentencing guidelines like those in Alabama and in Florida in *McCarthy*. More importantly, the Supreme Court in *Rodriquez* reached the same conclusion as this Court in *McCarthy* when it considered and rejected the same argument that Gardner makes to this Court. Specifically, the defendant in *Rodriquez* contended that if recidivism statutes could increase the "maximum term," then "it must follow that [state] mandatory guidelines systems that cap sentences can decrease the 'maximum term' of imprisonment." *Id.* at 390, 128 S. Ct. at 1792. The Supreme Court disagreed, stating

that "the phrase 'maximum term of imprisonment . . . prescribed by law' for the 'offense' was not meant to apply to the top sentence in a guidelines range." *Id.*  The Supreme Court explained that this was so "because guidelines systems typically allow a sentencing judge to impose a sentence that exceeds the top of the guidelines range under appropriate circumstances." *Id.*

*Rodriquez* further pointed out that the "concept of the 'maximum' term of imprisonment" in statutes predating the ACCA "necessarily referred to the maximum term prescribed by the relevant criminal statute, not the top of a sentencing guidelines range." *Id.* at 391, 128 S. Ct. at 1792.  "In light of this established pattern and the relative newness of sentencing guidelines systems" when the ACCA was enacted, the Supreme Court concluded "that Congress meant for the concept of the 'maximum term of imprisonment' prescribed by law for an 'offense' to have the same meaning in [the] ACCA." *Id.* at 392, 128 S. Ct. at 1793.

In short, *Rodriquez*'s rejection of the argument that the high end of a state sentencing guidelines range is the "maximum term" under the ACCA's definition of "serious drug offense" is entirely consistent with and supports, not undermines, *McCarthy.*[3]

---

[3] We similarly reject Gardner's suggestion that *McCarthy* was undermined to the point of abrogation by *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S. Ct. 2577 (2010).  *Carachuri-Rosendo* was decided in the immigration context and addressed the materially different question of whether a petitioner seeking cancellation of removal had been convicted of an offense "punishable" by more than one year under the Controlled Substances Act and therefore was

In Gardner's case, the "maximum term of imprisonment" for Alabama first-degree unlawful possession of marijuana for other than personal use was ten years. *See* Ala. Code §§ 13A-12-213(a)(1), (b), 13A-5-6(a)(3). And the "maximum term of imprisonment" for Alabama unlawful distribution of a controlled substance was twenty years. *See* Ala. Code §§ 13A-12-211(a), (b), 13A-5-6(a)(2). Moreover, given Gardner's habitual offender status at the time of his prior convictions, the statutory maximum was twenty years for the unlawful possession offenses and life imprisonment for the unlawful distribution offense. *See* Ala. Code §§ 13A-5-6(a)(2), 13A-5-9 (a)(1), (c)(2); *Rodriquez*, 553 U.S. at 393, 128 S. Ct. at 1793.

Accordingly, the district court did not err in concluding that Gardner had at least three qualifying serious drug offenses under the ACCA and in imposing an enhanced 180-month sentence.

**AFFIRMED.**

---

convicted of an "aggravated felony" for purposes of the Immigration and Nationality Act. *See* 560 U.S. at 567, 581-82, 130 S. Ct. at 2581, 2589.